■ LINDA H. ROLLS, Appellant, v JOSEPH T. ROLLS, Respondent. [663 NYS2d 345] —Mercure, J. Appeal from a judgment of the Supreme Court (Ellison, J.) ordering, *inter alia,* child support and fixing custody and visitation, entered June 7, 1996 in Chemung County, upon a decision of the court.

Plaintiff commenced this action for a divorce in November 1994. Ultimately the matter came on for trial of the disputed issues of custody and visitation, and Supreme Court rendered a determination granting defendant custody of the parties' children, Corey, born in January 1988, and Sara, born in January 1990, with "open and liberal visitation" to plaintiff. After the parties were unable to agree on a suitable visitation schedule, Supreme Court established plaintiff's visitation as follows: two evenings each week, every other weekend, on school days when the children are off but only when defendant is working, one half of the children's summer vacation and other school breaks, on Christmas eve until 9:00 P.M. and on Christmas day from noon on, when plaintiff's portion of the Christmas vacation visitation period would commence. Plaintiff now appeals, contending primarily that Supreme Court applied an erroneous legal standard in fixing custody and that the custody award is contrary to the weight of the evidence. We disagree and accordingly affirm.

Initially, we are not persuaded that, in making its determination with regard to custody, Supreme Court improperly ap-

plied the "exceptional circumstances" test in connection with the now-defunct "relocation rule" (*see, Matter of Tropea v Tropea*, 87 NY2d 727; *Matter of Clark v Williams*, 229 AD2d 686). We first note that, there having been no prior award of custody, this cannot properly be characterized as a relocation case (*see, Matter of Tropea v Tropea, supra*, at 736; *Matter of Griffen v Evans*, 235 AD2d 720; *Matter of Messler v Messler*, 218 AD2d 157). That is not to say, however, that plaintiff's avowed intent to move the children to a community approximately one hour's driving time from their lifelong home in the City of Elmira, Chemung County, was irrelevant. To the contrary, Supreme Court was entitled to and quite properly did consider that fact in connection with its "best interests" analysis (*see, Matter of Tropea v Tropea, supra*, at 739-740; *Matter of Morlando v Morlando*, 240 AD2d 852; *Caganek v Caganek*, 233 AD2d 701; *Matter of Clark v Williams, supra*).

We are also unpersuaded that Supreme Court's award of custody is against the weight of the evidence. Plaintiff's central thesis, that Supreme Court's determination was based upon a misinterpretation of the evidence, is not borne out by the record. The hearing testimony provided ample support for the conclusion that defendant played a significant (if not the primary) role in raising the children, a fact which, together with the continuity and stability afforded by permitting the children to remain in Elmira, was sufficient to tip the scales in favor of defendant (*see, Matter of Louise E. S. v W. Stephen S.*, 64 NY2d 946, 947; *Matter of Marino v Marino*, 240 AD2d 954). As noted by Supreme Court, the award of custody to defendant permitted the children to remain in their lifelong home, to continue at the same schools and to remain with their friends and supportive relatives. We also note that, although by no means determinative, Supreme Court's determination that the children should remain living with defendant was in accord with the Law Guardian's recommendation (*see, Matter of Betancourt v Boughton*, 204 AD2d 804, 807, n 4). Viewing the totality of the circumstances and giving due deference to Supreme Court's factual findings, we conclude that the challenged custody determination has a sound and substantial basis in the record (*see, Eschbach v Eschbach*, 56 NY2d 167, 173-174; *Hapeman v Hapeman*, 229 AD2d 807, 812; *Matter of Daniel R. v Noel R.*, 195 AD2d 704, 706).

We have considered plaintiff's additional attack on the terms of Supreme Court's visitation and find it to be unpersuasive.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.