■ In the Matter of LEON F. ROSEBOOM, Respondent, v RACHEL CARRERAS, Appellant. [678 NYS2d 800] —Crew III, J. Ap-

peal from an order of the Family Court of Otsego County (Pines, J.), entered August 13, 1997, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for physical custody of the parties' child.

Petitioner and respondent, who never married, are the parents of a daughter, Natasha (born in 1990). Although petitioner and respondent apparently parted company shortly after the child's birth, the record reveals that they continued to enjoy an amicable relationship and shared equally in their daughter's upbringing. This informal arrangement between the parties, which resulted in Natasha essentially dividing her time between petitioner and respondent's respective residences in Otsego County, proved successful until January 1997, when respondent advised petitioner of her desire to marry and relocate with her new husband and Natasha to Erie County. Petitioner thereafter sought custody of the child and respondent answered and cross-petitioned for similar relief. Following a hearing, Family Court ordered that the parties be granted joint custody of Natasha, with primary physical custody to petitioner and visitation to respondent. This appeal by respondent ensued.[1]

We affirm. Initially, we reject any suggestion by respondent that Family Court conducted the underlying custody hearing in such a fashion as to impair the presentation of relevant evidence. Although Family Court indeed curtailed the parties' attempts to elicit irrelevant or redundant testimony, the record as a whole fails to substantiate respondent's assertion that Family Court engaged in a "rush to judgment" and, in so doing, effectively precluded respondent from offering important testimony relative to Natasha's well-being and best interest.

Turning to the merits, there having been no prior award of custody, respondent is correct in observing that this matter cannot properly be characterized as a geographic relocation case (*see, Rolls v Rolls*, 243 AD2d 906, 907). Nonetheless, as an award of custody to respondent would result in the child moving from her home in Otsego County to Erie County, the proposed relocation certainly was an important component of Family Court's "best interest" analysis (*see, id.*, at 907).

Based upon our review of the record as a whole, we cannot say that Family Court erred in determining that it was in Natasha's best interest to award physical custody to petitioner. By all accounts, petitioner and respondent are fit and loving

---

1. Following entry of Family Court's March 15, 1998 order, the parties entered into a stipulation modifying certain of the visitation provisions contained therein, which are not at issue on appeal.

parents, both of whom have been actively involved in raising their daughter, and it is clear that Natasha has benefitted greatly from their mutual love and support, as well as from the good relationship that she has with her respective step-families.[2] As to the quality of life that each parent has to offer the child, the record suggests that Natasha would enjoy a higher standard of living if she were permitted to relocate to Erie County; respondent's husband, who owns a home in Erie County, earns significantly more money than petitioner and Natasha would be able to have her own bedroom. These economic benefits, however, must be balanced against the fact that much of Natasha's extended family resides in Otsego County, including grandparents, aunts, uncles and cousins, with whom Natasha has regular contact. Thus, an award of physical custody to respondent would impact Natasha's access to her father and her extended family as well (*see*, *Matter of Burnham v Basta*, 241 AD2d 628, 630, *lv denied* 90 NY2d 812). Accordingly, after considering all of the relevant factors, including the stability and continuity afforded by permitting Natasha to remain in Otsego County with her friends and extended family, we agree with Family Court that it was in Natasha's best interest to award physical custody to petitioner (*see*, *Rolls v Rolls*, *supra*, at 907). Respondent's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** Respondent's husband has a daughter from a previous marriage and petitioner's girlfriend has two sons from her previous marriage.