■ In the Matter of PAULA SPENCER, Respondent, v DARRYL SMALL, Appellant. [693 NYS2d 727] —Peters, J. Appeal from an amended order of the Family Court of Tompkins County (Sherman, J.), entered March 26, 1998, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' children.

These unmarried parents of two children, Darrell (born in 1987) and Darrien (born in 1990), presented documented and witnessed accounts of their violent relationship which escalated between 1994 and 1997. Each accused the other of alcohol abuse and separately instigated physical attacks. On September 3, 1997, respondent was arrested after attacking petitioner. On September 5, 1997, petitioner filed a family offense petition which triggered cross petitions for sole custody, all consolidated by Family Court. As the parties had resided in Bonita Springs, Florida, from 1991 to 1993, petitioner received permission from the court to return there with the children.

At the fact-finding hearing, petitioner testified that on September 3, 1997, respondent choked her, wrapped her face in blankets and sat on her back. He then began striking her with his fists knowing, at all times, that she suffered from scoliosis. The children were asleep in the next room until Dar-

rien, awakened by the violence, entered his parents' room. When respondent escorted him back to his room, petitioner escaped and called the police, resulting in respondent's arrest. Photographs of petitioner's injuries were admitted into evidence.

Concerning the pattern of violence between the parties, petitioner testified that in August 1997 respondent choked her to the point where she was unable to breathe, again while the children remained in a nearby room. Earlier that summer, respondent attacked her by pushing her to the ground, ripping her clothing and dragging her upstairs to their apartment, this time in the full presence of the children. She also described a February 1994 incident wherein respondent attacked her in the courtyard of their apartment, causing her to suffer severe cuts, swelling to her face and a fractured hand. Respondent's arrest resulted in his conviction of assault in third degree. Seeking to detail other incidents of violence, petitioner simply described them as "happening all the time". She testified that she sought refuge with her friend Betty Goddard on no less than three occasions, for time periods ranging from a few days to three weeks. Petitioner's mother, Sherry Greenwood, confirmed that the children were keenly aware of the violence in their home and had asked if they could stay with her because "daddy was hitting mommy again". Respondent never entered counseling.

Testimony revealed that petitioner also had a history of violence and had been arrested for harassment. Both parties testified, however, that despite their mutual intolerance, they were devoted to their children and contributed significantly to their upbringing. Both were employed but earned a limited income. Although petitioner had some relatives residing in Florida, the majority of respondent's family remained in New York.

Family Court granted petitioner sole custody, allowed her and the children to move to Florida, and entered a final order of protection against respondent. The court granted respondent visitation during a long-term school recess, twice weekly telephone contact and six weeks of uninterrupted summer visitation, requiring that he pay the cost of travel. This appeal ensued.

Reviewing first the award of sole custody, we must determine whether Family Court fully considered the best interests of the children (*see, Eschbach v Eschbach*, 56 NY2d 167; *Matter of Lukaszewicz v Lukaszewicz*, 256 AD2d 1031) based upon the totality of the circumstances. Relevant factors include a

consideration of their ages, the "fitness of the parents, quality of the home environment, each parent's ability to provide for the[ir] * * * intellectual and emotional development, and the effect [that] the award of custody [to] one parent would have on the[ir] * * * relationship with the other" (*Matter of Lukaszewicz v Lukaszewicz, supra,* at 1032-1033; *see, Eschbach v Eschbach, supra*).

Our review of the record reflects a full assessment of no less than these enumerated factors. As the determination considered, *inter alia,* the effect that the violence had in the home, petitioner's role as the primary caretaker, her maintenance of employment on a more consistent basis and her establishment of a suitable home with appropriate educational and recreational opportunities, we find a sound and substantial basis in the record (*see, Matter of De Losh v De Losh,* 235 AD2d 851, 853, *lv denied* 89 NY2d 813) to support the award of sole custody. Clearly, there could not be an award of joint custody due to the violent relationship between these parties (*see, Matter of McGee v McGee,* 224 AD2d 832) and respondent's lack of any positive effort to control his anger. His failure to acknowledge the traumatic environment that he creates for his children because of his volatile temper reveals "a character which is manifestly ill-suited to the difficult task of providing young children with moral and intellectual guidance" (*Matter of Acevedo v Acevedo,* 200 AD2d 567, 568; *see, Matter of Rohan v Rohan,* 213 AD2d 804).

Turning to that portion of the order permitting petitioner and the children to move to Florida, we note that this case "cannot properly be characterized as a relocation case since it involves an initial custody determination" (*Matter of Buell v Buell,* 258 AD2d 709; *see, Rolls v Rolls,* 243 AD2d 906). Having properly considered the loss of access to respondent in connection with its best interests analysis (*see, Matter of Tropea v Tropea,* 87 NY2d 727, 741), we find that Family Court properly credited petitioner's testimony that she needed a long-distance separation from respondent to insure that the children would not ultimately be returned to this environment (*see, Matter of Sheridan v Sheridan,* 204 AD2d 771). Finding a sound and substantial basis to support the determination that the move to Florida was not motivated by bad faith but rather by a desire to reside with her stepsister in close proximity to other supportive family members, we decline to disturb it.

Finally, we find no abuse of discretion in ordering respondent to pay the full cost of transportation to facilitate visitation. Parents have an equal obligation to support their children

(*see*, Family Ct Act § 413). Since no order of support had been rendered and the record reflects that respondent had not contributed toward the support of the children, the limited financial resources of both parties warranted this result.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the amended order is affirmed, without costs.