■ Terri A. Osborne, Appellant, v Mark J. Osborne, Respondent. [698 NYS2d 788] —Cardona, P. J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered April 21, 1998, which, *inter alia*, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

Petitioner and respondent are the parents of twins, a boy and a girl, born in 1993. Following their separation in November 1996, the parties agreed that the children would reside with petitioner and respondent would have liberal visitation. In June 1997, petitioner filed a petition in Family Court seeking sole custody of the children and permission to relocate to Texas. Respondent, in turn, served an answer to the petition and cross-petitioned for sole custody of the children. After Family Court conducted a hearing and in camera interview with the children, it granted respondent's cross petition resulting in this appeal.

We affirm. In determining the best interest of children in a custody proceeding, a court must "base its decision on the totality of the circumstances including the ages of the children, fitness of the parents, quality of the home environment, each parent's ability to provide for the child's intellectual and emotional development, and the effect * * * the award of custody to one parent would have on the child's relationship with the other" (*Matter of Lukaszewicz v Lukaszewicz*, 256 AD2d 1031, 1032-1033; *see, Matter of Spencer v Small*, 263 AD2d 783, 785). Although this is not a relocation case since it involves an initial custody determination, relocation is a relevant factor for the court to consider in its "best interest" analy-

sis (*see*, *Matter of Spencer v Small*, *supra*, at 785; *Matter of Buell v Buell*, 258 AD2d 709; *Rolls v Rolls*, 243 AD2d 906, 907). It is also well settled that Family Court's determination on the issue of custody will not be disturbed unless it lacks a sound and substantial basis in the record (*see*, *Lukaszewicz v Lukaszewicz*, *supra*, at 1033; *Rolls v Rolls*, *supra*, at 907).

At the time petitioner applied for custody, the children were approximately 3½ years old and no divorce proceedings were pending between the parties. At the hearing, petitioner testified that she asked respondent to leave the marital residence in November 1996 because the parties were experiencing problems and she believed respondent was abusing alcohol since he was consuming six to eight beers a day. Petitioner indicated that the parties agreed to the division of marital debts, with her taking responsibility for payment of the mortgage. She further stated that the parties agreed that the children would live with her and respondent would have liberal visitation. Petitioner conceded that respondent was a good father who was very involved in the care of the children when the parties lived together. She stated that he continued to have frequent contact with them after the parties' separation and would pick them up from day care each day until September 1997 when she changed providers. Even after that time, she indicated that respondent would speak to the children by telephone each day.

Due to petitioner's failure to make mortgage payments, the marital residence went into foreclosure and, at the time of the hearing, petitioner and the children were living with a relative. Petitioner testified that it was her desire to relocate to Texas with the children to live in a rented home with her paramour, who was separated from his wife. Petitioner indicated that she had submitted her resignation from her $40,000 per year job in New York and had secured employment in Texas earning $38,000 per year. She further stated that she had already moved all of her belongings and furnishings to her home in Texas. Petitioner related that she had family in Texas whom she desired to live near and it was her mother's intention to also relocate to Texas. She told Family Court that she had investigated schools, churches and day-care facilities in the vicinity of her Texas home and there was more opportunity for the children in Texas. While petitioner denied that the primary factor motivating her to relocate to Texas was to be with her paramour, she conceded that he was an important reason. After some equivocation, she indicated that if the court denied her permission to relocate, she would not leave her children in New York.

Petitioner's paramour testified that he wished to marry petitioner and confirmed that the parties shared a home in Texas. He stated that he worked for an airline and, therefore, able to obtain low-cost passes to various destinations. According to petitioner, such passes could be used to fly respondent to Texas to visit the children in the event her request to relocate was granted.

Respondent denied that he had a drinking problem, stating that it was impossible for him to consume six to eight beers per day given his work schedule which required him to leave home at 4:30 A.M. and did not permit him to return until 5:00 P.M. He stated that, after he left the marital residence, he moved in with his mother and would continue to reside there with the children if granted custody. He stated that he is one of 11 children and has a large extended family in Orange and Sullivan Counties and nearby Pennsylvania which includes aunts, uncles and cousins with whom his children are close. He indicated that his mother would be available to take care of the children when he was not available and, when his mother was in Florida, his sister would take the children to day care and watch them until he returned from work. Respondent testified that he had investigated various day-care facilities in which to enroll the children.

Respondent's mother confirmed that she would care for the children when respondent was not available and respondent's sister would do so when she was in Florida. She stated that respondent is fully capable of caring for the children. She further stated that the children get along well with their aunts, uncles and cousins who lived nearby. She indicated that, while she did not drive, there was always a son or daughter available to take her where she needed to go. Respondent's sister confirmed that, if respondent was awarded custody, she would be available to take the children to day care when her mother was in Florida and would watch them until respondent picked them up.

We find that Family Court's award of sole custody to respondent has a sound and substantial basis in the record. In determining what was in the best interest of the children, the court properly considered relocation as a very important factor. The evidence discloses that respondent has been very involved in the children's lives and is a capable care giver with a supportive extended family with whom the children have established relationships. Respondent has made feasible arrangements to provide for the care of the children while he is at work. There is insufficient proof that respondent has a problem

with alcohol which poses a substantial risk of harm to the children. While petitioner is also a competent parent, she made the decision to move to Texas to live with her paramour and this certainly will detrimentally affect the relationship that respondent has with the children. Under the totality of the circumstances herein, we conclude that the award of sole custody to respondent was in the best interest of the children and find no basis to disturb Family Court's determination. We have considered petitioner's remaining contentions and find them to be without merit.

Mikoll, Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.