■ JAMES LABA, Appellant, v KRISTINE LABA (SMITH), Respondent. [721 NYS2d 158] —Carpinello, J. Appeal from a judgment of the Supreme Court (Rogers, J.) awarding, *inter alia*, custody of the parties' children to defendant, entered December 6, 1999 in St. Lawrence County, upon a decision of the court.

After a nine-year marriage, plaintiff filed this action for divorce in October 1997. The only issues to be resolved by Supreme Court were the custody and visitation of the parties' three children, now ages 12, 10 and 7. Amid the parties'

countering accusations of excessive drinking habits and altercations caused by the other, Supreme Court determined that the best interests of the children would be furthered by granting defendant sole custody with visitation to plaintiff. Plaintiff claims this decision lacks a sound and substantial basis in the record. We disagree and, accordingly, affirm.

The record reveals that neither party is free of parental shortcomings, particularly when it comes to their respective alcohol consumption over the years and their unwillingness to put aside personal differences and animosity to facilitate the emotional needs of the children following the dissolution of their marriage. Plaintiff, for his part, testified rather nonchalantly about his weekly drinking habits, which include a significant consumption of beer on a near daily basis. He candidly admitted that at least once or twice per week he drinks 10 to 12 beers daily between the time he gets home from work and the late afternoon hours (plaintiff works the night shift). This necessarily means that plaintiff spends a significant amount of morning hours imbibing alcohol. Moreover, according to plaintiff, he drinks beer while socializing with family and friends, while doing indoor and outdoor chores and while operating power tools.

To the extent that plaintiff asserts that he does not have a serious drinking problem and that there is no evidence that his children have been harmed by his drinking habits, we make two points. First, while there was no expert testimony that he is alcohol dependant, his own testimony established that he drinks excessively. Even assuming that the children have thus far not suffered harm as a result of his alcohol consumption, these habits are nonetheless relevant in assessing his ability to exercise judgment and be an effective parent, particularly in light of record evidence that he has become violent when under the influence. Defendant, on the other hand, denied any excess consumption of alcohol since her separation from plaintiff and further denied allegations that her live-in boyfriend drinks excessively. Family Court credited these denials, finding that defendant and her boyfriend drink less than they had previously. Sadly, neither parent has tremendous insight into the emotional needs of their children following the breakup, each engaging in inappropriate verbal and sometimes physical altercations in their presence, with defendant being particularly insensitive to plaintiff's continued role as their father despite her new relationship with another man.

While each party no doubt loves the children and desires to be their sole custodian, defendant has been more consistently

responsible for their day-to-day care over the years and is much more knowledgeable about, and attentive to, their schooling, social activities and general needs. She presented herself as the more consistently participatory parent in all aspects of their lives. Plaintiff, on the other hand, is less rooted in daily parental obligations, spending a considerable amount of his free time engaged in outdoor recreational activities such as hunting and fishing. Viewing the record as a whole and noting that deference is given to Supreme Court's factual findings and assessments of credibility (*see, Eschbach v Eschbach*, 56 NY2d 167, 173-174), we are satisfied that its custodial determination has a sound and substantial basis in the record and serves the best interests of the children (*see, e.g., Matter of Snoddy v Snoddy*, 187 AD2d 884; *Mary M. v Albert J. M.*, 154 AD2d 354, 355).

We also reject plaintiff's contention that he received ineffective assistance of counsel. He claims that his attorney should have called additional witnesses to attest to his loving relationship with the children and should also have emphasized the feasibility of joint custody. As to the first claim, we note that plaintiff's counsel produced three witnesses who each testified about plaintiff's positive qualities as a father and reaffirmed his love for the children. Plaintiff himself also testified about his relationship with the children and his parental skills. Any further testimony on the issue would have likely been cumulative and thus the failure to call additional witnesses under these circumstances does not constitute a deficiency that actually prejudiced plaintiff (*see, Matter of Dingman v Purdy*, 221 AD2d 817). Moreover, the decision to award defendant custody did not turn on a dearth of evidence concerning plaintiff's relationship with the children. Rather, it was based in large part on plaintiff's excessive consumption of alcohol and Supreme Court's assessment that, as between the parties, defendant has been the children's primary caregiver over the years and mostly responsible for meeting their day-to-day needs.

Finally, while neither party argued in favor of joint custody, Supreme Court nevertheless took it upon itself to consider, and reject, such arrangement. After noting that the parties have not cooperated to further the best interests of the children or made any meaningful attempt to be conciliatory toward each other, Supreme Court appropriately found that joint custody was not a viable option. Thus, any failure on the part of plaintiff's counsel to press an issue which was nevertheless considered, and properly rejected given the parties' demonstrated acrimonious relationship and inability to effectively

communicate, can hardly be considered ineffective advocacy that prejudiced plaintiff (see, id.; see also, Matter of Williams v MacDougall, 226 AD2d 782). In short, the record reveals that plaintiff was afforded meaningful and competent legal representation and was not prejudiced by either of the claimed deficiencies in his counsel's representation (see, Ulmer v Ulmer, 254 AD2d 541).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.