■ In the Matter of JAMES L. STORCH, Respondent, v REBECCA STORCH, Appellant. [725 NYS2d 399] —Lahtinen, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered August 30, 1999, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' minor children.

Petitioner and respondent were married in July 1994 and separated in March 1998. They have two biological children born in January 1994 and December 1997. A third child, born in 1989, is not the biological child of petitioner, but he considers this child his daughter and is the only father she has ever known. From March 1998 to January 1999 the parties shared legal and physical custody of the children, who resided primarily with respondent in the City of Elmira, Chemung County, but spent at least three nights per week with petitioner in his parents' four bedroom home in Elmira, where he lived after the parties separated. In January 1999 respondent moved two hours away to Monroe County, having obtained a new job and enrolled in college, leaving the children with petitioner in Elmira.

In April 1999, petitioner filed a petition seeking custody of

the three children, and he was granted temporary legal and physical custody in May 1999. Respondent thereafter filed a cross petition for custody and, on June 1, 1999, Family Court granted the parties temporary joint legal custody of the children, petitioner receiving physical custody. A trial was held in August 1999, at the conclusion of which respondent moved to dismiss so much of petitioner's application as sought custody of his nonbiological daughter. Family Court granted the motion after petitioner acknowledged that his proof did not meet the necessary standard to award him custody of that child (*see,* *Matter of Bennett v Jeffreys,* 40 NY2d 543). Family Court thereafter granted the parties joint legal custody of their biological children, with physical custody to petitioner and reasonable and liberal visitation to respondent. Respondent appeals.

On appeal, respondent argues that Family Court failed to accord proper weight to respondent's role as the children's primary caretaker, failed to apply the appropriate relocation standards, improperly allowed the children to be separated, erred by considering evidence of an unsigned separation agreement between the parties and committed further error by making its custody determination in the absence of the originally assigned Law Guardian. We find none of respondent's arguments persuasive and therefore affirm.

It is clear that the primary consideration in a custody decision is the best interests of the children (*see, Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Jelenic v Jelenic,* 262 AD2d 676, 677). A court's decision in this regard must be based on the totality of the circumstances, including such factors as the ages of the children, the quality of the home environment of each parent, the relative fitness of each parent, the ability of each parent to guide and provide for the children's intellectual and emotional development, and the effect of the custody award on the children's relationship with the noncustodial parent (*see, Matter of Lukaszewicz v Lukaszewicz,* 256 AD2d 1031, 1032-1033; *Matter of De Losh v De Losh,* 235 AD2d 851, 852, *lv denied* 89 NY2d 813). Moreover, respondent's relocation from Chemung County to Monroe County is a proper factor to consider in a best interests analysis (*see, Matter of Roseboom v Carreras,* 254 AD2d 548, 549; *Rolls v Rolls,* 243 AD2d 906, 907). Finally, our review must "accord great deference to Family Court's factual findings" (*Matter of Breitung v Trask,* 279 AD2d 677, 678), and we will not disturb that court's determination unless it lacks a sound and substantial basis (*see, id.,* at 678; *Matter of Lukaszewicz v Lukaszewicz, supra,* at 1033).

Respondent first argues that Family Court did not conduct a

proper best interests assessment of the children because it failed to accord proper emphasis to her role as primary caretaker of the children (*see, e.g., Laba v Laba [Smith]*, 281 AD2d 686). The record reflects both parties were fit, loving and caring parents. Upon their separation, the children lived primarily with respondent but petitioner had the children overnight at least three days each week. Respondent then moved two hours from Elmira and did not hesitate to leave the children in petitioner's care. While financial constraints dictated that petitioner and the children live with his parents and the children's paternal grandmother was at home with the children during the day when petitioner was working, the record demonstrates that he participated in every aspect of the children's daily care and activities while he had physical custody of them. Petitioner provided a stable and loving environment for the children (*see, Matter of Donato v McLaughlin*, 249 AD2d 859; *Matter of Bogert v Rickard*, 199 AD2d 587, 589) and the quality of the home environment provided by petitioner (*see, Eschbach v Eschbach, supra*, at 172) and the quality of the children's care while living with him has not been diminished. To the contrary, the record reveals that the children are thriving in the environment provided by petitioner, and Family Court's resolution of the credibility issues regarding the day-to-day care of the children in that environment in favor of petitioner is amply supported by the record (*see, e.g., Satalino v Satalino*, 273 AD2d 632, 635).

Nor does our review of the record reveal that Family Court ignored the factors to be considered in making an initial custody determination or a relocation determination. That court simply found that both parties were equally committed to the children, but that respondent's desire, however sincere, to relocate the children away from their extended families was not reasonable under the circumstances and the benefits of such a move would be outweighed by the concomitant detriment to the children (*see, Matter of Roseboom v Carreras*, 254 AD2d 548, 550, *supra*; *Matter of Burnham v Basta*, 241 AD2d 628, 630, *lv denied* 90 NY2d 812). While we note the lack of factual support in the record for Family Court's findings in its decision pertaining to the economic and educational opportunities available to respondent in the Elmira area, those findings were only one of several factors in that court's ultimate determination of the reasonableness of respondent's decision to relocate with the children away from their extended family. Additionally, maintaining the children's primary residence in Elmira, a familiar environment replete with the extended family of both parties, provided stability for the children at this

crucial time (*see, Matter of Scalia v Scalia*, 217 AD2d 780, 781).

Respondent next argues that Family Court's determination results in the separation of the oldest child from her siblings, a situation " 'frowned upon' " by our courts (*Matter of Donahue v Buisch*, 265 AD2d 601, 604, quoting *Matter of Ebert v Ebert*, 38 NY2d 700, 704). Initially, we note that petitioner sought custody of all three children even though he was aware that he was not the biological father of the oldest child. When respondent moved at trial to dismiss his petition for custody of his nonbiological child, Family Court explained to respondent that separation of the children was a possibility. Family Court's determination that it would be in the best interests of the two remaining children to award physical custody to petitioner is supported by this record and sufficient to overcome the general prohibition against separation of siblings (*see, Matter of Jelenic v Jelenic*, 262 AD2d 676, 677, *supra*; *Matter of Copeland v Copeland*, 232 AD2d 822, 823, *lv denied* 89 NY2d 806).

Respondent's remaining arguments are without merit. Family Court did not err by permitting petitioner to cross-examine respondent regarding an unsigned separation agreement prepared by respondent's former attorney, which respondent claimed was an offer to compromise and should have been excluded under CPLR 4547 as respondent opened the door on this issue by testifying about the agreement on her direct testimony (*see, e.g., People v Jeffries*, 278 AD2d 431; *Matter of Smith*, 171 AD2d 666). Also, contrary to respondent's claim, the children's interests were fully protected by the Law Guardian who was present during trial. While the originally assigned Law Guardian was unavailable at the hearing due to illness, the record demonstrates that the substitute Law Guardian had the benefit of the former Law Guardian's case notes and fully participated in the hearing. Lastly, respondent's complaints in her brief of bias by Family Court fall short of a showing of judicial bias or prejudice (*see, e.g., Matter of Murdock v Murdock*, 183 AD2d 769).

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.