■ In the Matter of RUSSELL M. STREMPLER, Appellant, v LISA S. SAVELL, Respondent. [731 NYS2d 530] —Mercure, J. P. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered June 1, 2000, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody and/or visitation with the parties' child.

In this proceeding, petitioner seeks custody of or visitation with the parties' son, Matthew, who was born in March 1990. It is undisputed that the parties were never married to one another and have not cohabited since October 1991. Following an extensive fact-finding hearing, Family Court dismissed the petition, awarded respondent sole legal custody of Matthew and issued an order of protection prohibiting petitioner from having any contact with respondent or Matthew. Petitioner appeals.

Initially, we conclude that the record provides a sound and substantial basis for Family Court's conclusion that it would be in Matthew's best interest for custody to remain with respondent and that Family Court therefore did not abuse its discretion in denying so much of the petition as sought custody. Fundamentally, the primary consideration in a custody proceeding between two parents is the best interest of the child (*see, Matter of Storch v Storch*, 282 AD2d 845, 846, *lv denied* 96 NY2d 718; *Osborne v Osborne*, 266 AD2d 765; *Matter of Lukaszewicz v Lukaszewicz*, 256 AD2d 1031, 1032-1033). "A court's decision in this regard must be based on the totality of the circumstances, including such factors as the age[ ] of the child[ ], the quality of the home environment of each parent, the relative fitness of each parent, the ability of each parent to guide and provide for the child[ ]'s intellectual and emotional development, and the effect of the custody award on the child[ ]'s relationship with the noncustodial parent" (*Matter of Storch v Storch, supra*, at 846 [citations omitted]; *see, Osborne v Osborne, supra*, at 765).

Although the evidence presented at the fact-finding hearing shows both parties to be appropriate custodians at the present time, other factors mitigate strongly in favor of an award of custody to respondent. Notably, there is ample record support for Family Court's finding that petitioner effectively abandoned Matthew between 1991 and 1996 by consciously choosing not to make contact with him although having the means of locating him. In addition, petitioner has had very little contact with Matthew since 1996, and scheduled visitation that took place during the pendency of the proceeding was largely unsuccessful. Further, the record does not support petitioner's contention that respondent actively obstructed his relationship with Matthew.

There is merit, however, to petitioner's contention that Family Court abused its discretion in prohibiting petitioner from having any visitation with Matthew. Although an award of visitation must be made upon a consideration of the best interest of the child, the denial of visitation to a biological parent is a drastic remedy, to be imposed only for compelling reasons and upon a substantial showing that visitation is detrimental to the child's welfare (*see, Matter of Rogowski v Rogowski*, 251 AD2d 827; *Matter of Rhynes v Rhynes,* 242 AD2d 943). We believe that no such showing has been made in this case. Contrary to Family Court's finding that respondent had well-justified fears that petitioner would attempt to abduct Matthew, on several occasions respondent indicated that petitioner should have supervised visitation with Matthew, a view that is shared by the Law Guardian. Our review of the record discloses no other compelling reason to deny visitation. We shall therefore reverse so much of Family Court's order as denied petitioner visitation, vacate the order of protection and remit the matter to Family Court for the establishment of an appropriate schedule of supervised visitation, to be conducted in a therapeutic setting, at petitioner's expense.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied petitioner visitation; order of protection vacated; and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.