■ In the Matter of MACHELLE L. SILER, Appellant, v ANTONIO C. SILER, Respondent. [740 NYS2d 159] —Cardona, P.J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered May 14, 1999, which, inter alia, conditionally granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

Petitioner and respondent are the biological parents of two children, a daughter, born in October 1995, and a son, born in October 1997. The parties met when they were both members

---

of the United States Air Force. Petitioner left military service in 1995 when she became pregnant; respondent, however, remained on active duty. On October 29, 1995, following their daughter's birth, petitioner and the child went to live with respondent's parents in the City of Schenectady, Schenectady County. They resided there until January 1996. Both before and after their marriage in January 1997, the parties' relationship followed what would become a familiar pattern—petitioner and one or both of the children would reside with respondent in either Alabama, where he was at one time stationed, or New York, and difficulties between petitioner and respondent thereafter would develop, following which petitioner would return to Pennsylvania to reside either on her own or with family members. Respondent was discharged from the service sometime in August 1997. The parties resided together in Pennsylvania from early to mid-October 1997, then moved to respondent's parents' home in Schenectady, where they resided until February 1998. At that time, they moved into a house owned by respondent's parents in the City of Gloversville, Fulton County. Ultimately, in October 1998, petitioner and the children left the marital residence and returned to Pennsylvania, a distance of some 247 miles.

Petitioner filed for custody and obtained a temporary order of protection, and respondent cross-petitioned for custody. Pending trial, the parties were awarded joint custody, with physical custody of the children alternating on a weekly basis. At the time of trial, the parties were still married and no divorce proceedings were pending. Following a three-day trial in March 1999 and April 1999, Family Court, inter alia, awarded sole custody to petitioner upon the condition that she relocate to within a 50-mile radius of Gloversville. Petitioner appeals.

Initially, we note that Family Court's custody determination should "not be disturbed unless it lacks a sound and substantial basis in the record" (*Osborne v Osborne*, 266 AD2d 765, 766). Although this matter cannot properly be characterized as a relocation case inasmuch as it involves an initial custody determination, petitioner's decision to permanently reside in Pennsylvania with the children was a relevant factor for Family Court to consider in its application of the "best interest" analysis (*see, id.* at 765-766; *Matter of Buell v Buell*, 258 AD2d 709; *Rolls v Rolls*, 243 AD2d 906, 907). While the hearing testimony established that petitioner is a competent parent and the children's primary caregiver, who has suitable housing and employment in Pennsylvania where much of her extended

family resides, and that respondent showed little involvement with the children when the parties lived together, it also supported Family Court's finding that since the parties' separation, respondent has developed a closer relationship with his children. The record indicates that he has assumed an active parental role, is capable of caring for the children and has maintained a suitable and nurturing home environment. Furthermore, the children have enjoyed a close relationship with respondent's extended family, particularly their grandparents. At the time of the hearing, the weekly four-hour car ride to alternate custody was proving to be very burdensome and, certainly, would not now be practicable since the parties' daughter has attained school age.

Under the totality of the circumstances, it was not improper for Family Court to regard petitioner's decision to reside in a distant locale as "a very important factor" among the constellation of factors it considered in arriving at its best interests determination, since there was evidence that it would detrimentally affect respondent's relationship with his children and their relationship with his extended family (*see, Osborne v Osborne, supra* at 767-768; *Matter of Roseboom v Carreras,* 254 AD2d 548, 549-550). Notably, we give great deference to Family Court's factual findings, particularly where, as here, they involve the assessment of witness credibility (*see, Matter of Grathwol v Grathwol,* 285 AD2d 957, 958). Accordingly, we cannot say that Family Court erred when it determined that it was in the children's best interests to award custody to petitioner on the condition that she relocate her residence to within 50 miles of Gloversville.

Mercure and Spain, JJ., concur.

Crew, J. (dissenting). Contrary to the position adopted by the majority, we are of the view that Family Court's decision to condition petitioner's award of sole custody upon her relocating to within a 50-mile radius of the City of Gloversville, Fulton County, indeed lacks a sound and substantial basis in the record and, accordingly, we respectfully dissent. The record reflects that petitioner relocated with one or both of the children on any number of occasions in an effort to keep intact the family that she and respondent had formed. Each time, petitioner testified, respondent rarely was at home and, when he was, he virtually ignored petitioner and paid little or no attention to or time with the children. Indeed, it appears that the children did not become a priority in respondent's life until the instant custody proceeding was commenced. Additionally, the record indicates that respondent provided petitioner and

the children with only limited financial assistance while they were residing together and, during the periods they were apart, failed to contribute to the support of the children. It is undisputed that petitioner has been the children's primary caregiver throughout the time period in question, and the record reveals that she has obtained both suitable housing and employment in Pennsylvania, where much of her extended family resides. Although, as the majority observes, respondent also has appropriate housing, employment and extended family in this state, we nonetheless are persuaded that the totality of the circumstances demonstrate that the children's best interests would be served by allowing them to reside in Pennsylvania with petitioner. Simply stated, respondent's belated attempt to form something other than a transient relationship with his children did not provide a sufficient basis upon which to once again disrupt their lives by compelling them to live within a 50-mile radius of Gloversville. In our view, respondent's relationship with his children and their relationship with his extended family may be nurtured through the development of an appropriate visitation schedule. Accordingly, we would modify Family Court's order by reversing so much thereof as conditioned petitioner's award of sole custody upon her relocating to within a 50-mile radius of Gloversville and remit this matter to Family Court for the fashioning of a reasonable visitation schedule for respondent.

Peters, J., concurs. Ordered that the order is affirmed, without costs.