■ Nancy Furman, Appellant, v Timothy Furman, Respondent. (And a Related Proceeding.) [748 NYS2d 190] —Peters, J. Appeals (1) from an order of the Supreme Court (Jung, J.), entered October 15, 1999 in Fulton County, which, inter alia, awarded plaintiff custody of the parties' child, and (2) from an order of the Family Court of Fulton County (Jung, J.), entered December 22, 2000, enforcing a provision of the parties' custody order.

The parties, married in December 1991, are the parents of one child, Rachel, born in January 1993. Prior to the parties' separation in May 1997, there were numerous orders of protec-

tion issued against the father as a result of no less than a dozen calls made to the police requesting them to appear at the marital residence. The orders of protection were ultimately withdrawn when the parties repeatedly reconciled. The arrest of the father in May 1997, following an altercation with the mother,* precipitated their final separation. While the father's consumption of alcoholic beverages allegedly triggered these instances, the record also portrays the mother as excessively emotionally reactive.

On April 1, 1998, the mother moved with Rachel to Suffolk County against the father's wishes. On April 2, 1998, the mother filed an action for divorce in Suffolk County requesting, inter alia, custody of Rachel. The father answered and cross-moved for custody. He also sought a change of venue to Fulton County; this motion was granted. After six days of testimony which occurred over the course of five months, Supreme Court awarded custody to the mother conditioned upon her relocating her residence to within 50 miles of the Town of Mayfield, Fulton County, where the father and his extended family reside. The mother appeals this order claiming error with the requirement of her relocation as a condition of custody.

In December 2000, the parties appeared in Family Court to clarify the order issued by Supreme Court pertaining to the father's visitation. Specifically, they questioned whether visitation was intended to be extended through a weekend that fell within his scheduled period during a school recess. When Family Court ruled that the term "recess" did so encompass these weekends, the mother appealed that determination as well.

In reviewing Supreme Court's custodial award, we emphasize the clearly advantageous position of the trial court to weigh and assess the credibility of the witnesses presented, thereby warranting the deference typically accorded to its factual determinations (see Matter of Johnson v Johnson, 279 AD2d 814, 815-816, lv denied 96 NY2d 715; Matter of Davis v Davis, 240 AD2d 928, 929). If such determination promotes the child's best interest and is supported by a sound and substantial basis in the record, it will not be disturbed upon appeal (see Matter of Johnson v Johnson, supra at 815-816; Thompson v Smith, 277 AD2d 520, 521; Matter of Barber v Stanley, 260 AD2d 744, 746-747).

Recognizing that there was no prior award of custody, we agree with Supreme Court's conclusion that a strict application

---

* The charges were adjourned in contemplation of dismissal and ultimately dropped.

of the factors enunciated in *Matter of Tropea v Tropea* (87 NY2d 727) would not be required. However, since an award of custody to the mother, now residing in Suffolk County, would require a 3¹/₂ to 5 hour commute from the mother's residence in Suffolk County to the father's residence in Fulton County, the effect of her move factors into a best interest analysis (*see Matter of Siler v Siler*, 293 AD2d 826, 827-828, *appeal dismissed* 98 NY2d 691; *Matter of Roseboom v Carreras*, 254 AD2d 548, 549; *Rolls v Rolls*, 243 AD2d 906, 907). Upon our evaluation of this record, which includes the testimony of the parties as well as, inter alia, a psychological evaluation of both the parties and the child by David Horenstein, we fail to find a basis upon which we would disturb the determination rendered.

From the testimony and the report received by Horenstein, it is clear that Rachel is closely bonded to her mother and appeared to relate well to her father when he was exercising fairly regular visitation prior to the move. However, the record reflects that, until a court-ordered schedule was established, the mother would permit visitation only at the former marital residence under conditions she established. Even after the court-ordered schedule, she appeared unwilling to be flexible in altering that schedule even if there was a reasonable explanation of why visitation could not occur. Although the mother is a much more emotionally volatile person as compared to the father, there exists no doubt that she has displayed a continued commitment to this child through her involvement in all important aspects of her upbringing—a pattern evident to support Supreme Court's determination that she is the more suitable choice for custody. While both parents have contributed to the violent and inappropriate episodes witnessed by this child, it is evident that both also love their child deeply. In this vein, we cannot dismiss Horenstein's overarching psychological emphasis upon the need for Rachel to have "consistent and extensive visitation" with her father.

Viewed in that perspective and in reviewing the reasons articulated for the move to Suffolk County (*see Matter of Tropea v Tropea, supra* at 740-741), we fail to find that the mother's move was motivated by any desire to enhance the child's life "economically, emotionally [or] educationally" (*id.* at 741; *see Satalino v Satalino*, 273 AD2d 632, 633) or that a meaningful relationship could be fostered between the child and the father, along with her extended family, due to both the distance and the mother's seeming willingness to place her own interests above that of her daughter when it pertains to the mother's anger against the father. In further reviewing the

constellation of factors a court must consider in arriving at a best interest determination (*see Matter of Bates v Bates*, 290 AD2d 732, 733; *Matter of Storch v Storch*, 282 AD2d 845, 846, *lv denied* 96 NY2d 718), we conclude that Supreme Court's determination has a sound and substantial basis to support the award of custody to the mother with the condition imposed, a position echoed by the Law Guardian. For all of these reasons, we will not disturb the determination rendered (*see Matter of Siler v Siler*, 293 AD2d 826, *supra*; *cf. Matter of Storch v Storch*, *supra*).

Further reviewing the challenge to Family Court's interpretation of the term "recess" as used by the parties in their stipulation, which was later incorporated into the judgment of divorce, we find no error. Accordingly, we affirm both orders.

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.