■ In the Matter of SCOTT W. STREID, Respondent-Appellant, v AMANDA L. STREID, Appellant-Respondent. (And Two Other Related Proceedings.) [847 NYS2d 760]—

Mercure, J. Cross appeals from an order of the Family Court of Otsego County (Burns, J.), entered February 22, 2007, which, among other things, dismissed petitioner's application, in three

proceedings pursuant to Family Ct Act article 6, for custody of the parties' children.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children, born in 1998 and 2000. In July 2006, the father filed a petition seeking custody of the children, after the mother removed them from the marital home and relocated to Georgia without his consent. The father was granted temporary custody and filed a violation petition after the mother took the children back to Georgia in violation of Family Court's order. The mother subsequently filed a family offense petition, alleging that she had removed the children to escape the father's domestic violence, and a petition seeking custody and permission to permanently relocate the children to Georgia. Following fact-finding and *Lincoln* hearings, Family Court granted the mother custody of the children and directed, among other things, that she be evaluated at a chemical dependencies clinic and follow any recommended course of counseling regarding her abuse of alcohol. The court also determined that in the event that the mother moved to Georgia, the best interests of the children would require transfer of custody to the father. The parties' cross appeal.*

Initially, we note that the mother is correct that a strict application of the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727 [1996]) is not required when there is no prior award of custody (*see Furman v Furman*, 298 AD2d 627, 628-629 [2002], *lv dismissed and denied* 99 NY2d 575 [2003]). Nevertheless, a parent's "decision to reside in a distant locale [is] 'a very important factor' among the constellation of factors [to be] considered in arriving at [a] best interests determination, [particularly where] there [is] evidence that it would detrimentally affect" the other parent's relationship with the children (*Matter of Siler v Siler*, 293 AD2d 826, 828 [2002], *appeal dismissed* 98 NY2d 691 [2002]; *see Furman v Furman*, 298 AD2d at 629-630; *Osborne v Osborne*, 266 AD2d 765, 767-768 [1999]). Other relevant factors to be considered include " 'the ages of the children, fitness of the parents, quality of the home environment, each parent's ability to provide for the child[ren's] intellectual and emotional development, and the effect . . . the award of custody to one parent would have on the child[ren's] relationship with the other' " (*Osborne v Osborne*, 266 AD2d at 765 [citation omitted]; *see Matter of Storch v Storch*, 282 AD2d 845, 846 [2001], *lv denied* 96 NY2d 718 [2001]).

---

* Inasmuch as the father did not file a brief and seeks only affirmance of Family Court's order, we deem his cross appeal to be abandoned (*see Matter of Chan v Travis*, 3 AD3d 820, 820 [2004]).

Here, after considering the mother's role as the primary caregiver and the father's strong relationship with the children and significant involvement in their educational and extracurricular activities, as well as the incidents of domestic violence perpetrated by both parties and the mother's alcohol abuse, Family Court determined that both parents are equally fit. As the court noted, the primary advantage of an award of custody to the mother—provided that she remains in New York—is the stability afforded to the children by allowing them to remain in the marital residence with their primary caregiver. We further agree with Family Court that the mother's assertions that a move to Georgia would enhance the children's lives " 'economically, emotionally [or] educationally' " (*Furman v Furman*, 298 AD2d at 629 [citation omitted]) are speculative at best. Moreover, the record evinces that the children are performing well in school, have many friends, are involved in various extracurricular activities and enjoy spending time with both parents. While the children expressed a desire to return to Georgia, their testimony during the *Lincoln* hearing revealed substantial influence on them to express such a desire to Family Court (*see generally Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]). Finally, a move to Georgia would deprive the children of meaningful contact with both the father—given the parties' financial situation—and the paternal grandparents, who are relocating from Georgia to New York.

In short, giving due deference to Family Court's factual findings, we conclude that the determination conditioning the award of custody to the mother on her remaining in New York is supported by a sound and substantial basis in the record (*see Furman v Furman*, 298 AD2d at 629-630; *Matter of Siler v Siler*, 293 AD2d at 827-828; *cf. Matter of Spencer v Small*, 263 AD2d 783, 785 [1999]; *Matter of Buell v Buell*, 258 AD2d 709, 709-710 [1999]. Accordingly, we decline to disturb that determination here.

Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.