■ Scott J. Malcolm, Appellant, v Ru P. Jurow-Malcolm, Respondent. [879 NYS2d 834]—

Peters, J. Appeal from an order of the Supreme Court (Drago, J.), entered October 16, 2008 in Schenectady County, which, among other things, permitted defendant to relocate with the parties' children to Suffolk County.

Plaintiff (hereinafter the father) and defendant (hereinafter the mother) were married in 1998 and are the parents of two children (born in 2002 and 2003). The father also has a daughter from a prior relationship who resided with the parties for part of each week. In January 2007, the father commenced an action for divorce and also moved, by order to show cause, for joint physical custody of the two children and to preclude the mother from relocating to Suffolk County. The mother moved for pendente lite relief in the form of, among other things, sole custody of the children and exclusive possession of the marital residence in Schenectady County. Supreme Court granted the mother's request but ordered that the father have visitation on alternating weekends and be permitted use of the marital residence during that time. Shortly thereafter, in March 2007, the marital home was sold but the proceeds were not disbursed due to the parties' disagreement as to how they should be distributed. The mother, with neither a place to live nor funds to obtain suitable housing in the Schenectady County area, relocated with her two children to Suffolk County to live with their maternal grandparents. Following a nine-day hearing, Supreme Court awarded the mother sole custody of the children, determined that her relocation to Suffolk County would be in the best interests of the children and awarded the father liberal visitation. The father now appeals, arguing only that Supreme Court abused its discretion in permitting the mother to relocate to Suffolk County with the two children.

Initially, we note that a strict application of the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727 [1996]) is not required because this matter involves an initial custody determination (*see Matter of Streid v Streid*, 46 AD3d 1155, 1156 [2007]; *Furman v Furman*, 298 AD2d 627, 628-629 [2002], *lv dismissed and denied* 99 NY2d 575 [2003]). Nevertheless, a

parent's decision to relocate is a pertinent factor to be considered in determining the best interests of the children (*see Barney v Barney*, 301 AD2d 950, 951 [2003]; *Osborne v Osborne*, 266 AD2d 765, 767-768 [1999]; *Matter of Buell v Buell*, 258 AD2d 709, 709 [1999]). Other factors to be taken into account include "the ages of the children, the quality of the home environment of each parent, the relative fitness of each parent, the ability of each parent to guide and provide for the children's intellectual and emotional development, and the effect of the custody award on the children's relationship with the noncustodial parent" (*Matter of Storch v Storch*, 282 AD2d 845, 846 [2001], *lv denied* 96 NY2d 718 [2001]; *see Matter of Streid v Streid*, 46 AD3d at 1156). We find that Supreme Court's decision to award the mother sole custody and permit relocation to Suffolk County has a sound and substantial basis in the record which promotes the children's best interests (*see Furman v Furman*, 298 AD2d at 628; *Osborne v Osborne*, 266 AD2d at 768).

The evidence demonstrated that the mother has at all times served as the primary caregiver to these young children and has displayed a continued commitment to their needs. A stay-at-home mother since the children's birth, she assumed nearly all of the parental responsibilities and day-to-day activities with the children, both during the father's long-term struggle with alcohol and drug dependency and also when he pursued his own recreational interests. As detailed in Supreme Court's decision, the father's history of alcohol and substance abuse predated the parties' relationship and permeated their marriage. He admitted to abusing alcohol on a daily basis during the first three years of the parties' marriage and, despite attempts at rehabilitation, relapsed on a number of occasions. Further, he admitted to frequently placing his own interests above those of his children, such as growing and smoking marihuana in the home, participating in various musical groups which, on at least one occasion, contributed to his relapse with alcohol, and wearing earplugs at night so that he would not be awoken by his children crying. On one occasion, the mother came home to find her son screaming in the crib while the father lay unconscious on the bed, unable to be roused, after passing out from drinking alcohol. While the record reveals that the father is a fit parent when sober and that his significant strides towards drug and alcohol rehabilitation, if maintained, will likely allow him to improve the relationship he has with the children, Supreme Court found, and we agree, that an award of custody to the father at this time would be premature given his history of relapses, the most recent of which occurred just months prior to

the parties' separation.* Moreover, since the extended family of both the father and mother reside in Suffolk County, were the father to relapse, no family member would be available to assume the children's care.

Supreme Court also properly considered the mother's relocation as "a very important factor" in arriving at its best interests determination (*Osborne v Osborne*, 266 AD2d at 767; *see Matter of Siler v Siler*, 293 AD2d 826, 828 [2002], *appeals dismissed* 98 NY2d 691, 720 [2002]). Despite the father's assertions to the contrary, the mother's move to Suffolk County was not motivated by bad faith but, rather, an opportunity to reside in close proximity to supportive family members and to secure flexible employment (*see Matter of Spencer v Small*, 263 AD2d 783, 785 [1999]; *Matter of Buell v Buell*, 258 AD2d at 710). The mother testified as to her unsuccessful attempts at obtaining employment in the Schenectady County area and that she recently secured employment in Suffolk County earning over $50,000 per year in her field of graphic design. This allowed her to move the children out of their grandparent's residence and into a suitable apartment. Testimony also revealed that the children were adapting well to their new surroundings, enjoy a close bond with their maternal grandparents, who live in close proximity and are available to assist with childcare, and were performing well in one of the higher ranking schools in the state.

Although the mother's relocation will inevitably impact the father's ability to spend time with his children, as previously noted, all of the father's extended family resides in Suffolk County and the parties frequently traveled there with the children to visit their respective families prior to their separation. Moreover, under the visitation schedule crafted by Supreme Court, the father will have visitation every other weekend (one in Schenectady County and one in Suffolk County), with the option of an additional weekend in Suffolk County, on alternate holidays and Father's Day, during the children's winter recess and for four weeks during the summer. Thus, the father will continue to have frequent and meaningful periods of visitation with the children (*see Matter of Hills v Madrid*, 57 AD3d 1175, 1177 [2008]; *Matter of Bodrato v Biggs*, 274 AD2d 694, 696

---

* We disagree with the father's assertion that Supreme Court placed undue importance on his prior alcohol abuse in deciding what was in the children's best interests, and note that "[i]t is for the court to decide what importance is to be attributed to the evidence presented and, unless that evaluation lacks a sound and substantial basis, this Court will not disturb it" (*Matter of Wentland v Rousseau*, 59 AD3d 821, 823 [2009]).

[2000]; *compare Matter of Mallory v Jackson*, 51 AD3d 1088, 1090 [2008], *lv denied* 11 NY3d 705 [2008]). Such visitation will further allow the children to spend meaningful time with their half sister, with whom they have a good relationship. Under the totality of the circumstances herein, we find ample support for Supreme Court's finding that the children's best interests will be served by an award of sole custody to the mother in Suffolk County.

Cardona, P.J., Lahtinen, Kane and Garry, JJ., concur. Ordered that the order is affirmed, without costs.