■ In the Matter of ROBERT WILLIAMS, Respondent-Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Appellants-Respondents. [888 NYS2d 794]—

Cross appeals from a judgment of the Supreme Court (Cahill, J.), entered November 13, 2008 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Department of Correctional Services calculating petitioner's prison sentence.

In 1993, petitioner was sentenced as a second violent felony offender to a prison term of 5 to 10 years upon his conviction of attempted robbery in the first degree. The sentence and commitment order, however, failed to specify whether this sentence was to run concurrently with or consecutively to petitioner's prior undischarged prison term. Respondent Department of Correctional Services treated petitioner's 1993 sentence as running consecutively to his prior undischarged prison term, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued

incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing calculation. Respondents appealed, and petitioner cross-appealed insofar as Supreme Court denied his request for immediate release.

Preliminarily, inasmuch as petitioner failed to file a brief, we deem his cross appeal to be abandoned (see Matter of Streid v Streid, 46 AD3d 1155, 1156 n [2007]). Further, petitioner's release to parole supervision on May 1, 2009 does not render this proceeding moot, as the challenged sentencing calculation affects, among other things, petitioner's maximum expiration date (cf. People ex rel. Berman v Artus, 63 AD3d 1436, 1437 [2009]).

Turning to the merits, there is no dispute that petitioner was sentenced as a second violent felony offender and, as such, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where a statute mandates the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—regardless of whether it so specifies (see People ex rel. Gill v Greene, 12 NY3d 1, 4 [2009], cert denied sub nom. Gill v Rock, 558 US —, 130 S Ct 86 [2009]; People ex rel. Nadal v Rivera, 63 AD3d 1434, 1435 [2009]; People ex rel. Hunter v Yelich, 63 AD3d 1424, 1425 [2009]; People ex rel. Styles v Rabsatt, 63 AD3d 1365, 1366 [2009]). We therefore discern no error in the calculation of petitioner's sentence (see People ex rel. Lopez v Yelich, 63 AD3d 1433, 1434 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Cardona, P.J., Mercure, Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed. Ordered that the cross appeal is dismissed, without costs.