■ In the Matter of HEATHER M. TORKILDSEN, Respondent, v THOMAS P. TORKILDSEN, Appellant. (And Three Other Related Proceedings.) [900 NYS2d 193]—

Peters, J.P. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered November 12, 2008, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the married parents of a son (born in 2002) and a daughter (born in 2005). The parties are both long-time residents of New Jersey and have at all times resided as a couple with one of their respective parents. In October 2004, they moved to the Town of Afton, Chenango County along with members of the father's family to pursue a family venture on a 138-acre farm purchased by the father's mother and stepfather.

According to the mother, she was verbally degraded by the father over the course of the following years, with the acrimony between the two escalating to physical violence on March 13, 2008. The following day, the mother made arrangements to temporarily take the children to New Jersey to stay with her

parents. Having suspicions that the mother was planning to leave the area, the father and his mother confronted the mother at the son's elementary school, at which time the father physically assaulted the mother's brother-in-law and hung from the mother's vehicle as it was being driven away.

Immediately thereafter, the mother filed a family offense petition and a petition seeking custody of the children and permission to relocate with them to New Jersey. Family Court issued temporary orders of protection and custody in favor of the mother, who thereafter relocated with the children to her parents' home in New Jersey. After the father cross-petitioned for custody, Family Court ordered the mother to relocate back to the Afton area pending a full hearing and established a visitation schedule. Following a fact-finding hearing, Family Court awarded the parties joint legal custody with primary physical custody to the mother in New Jersey and liberal visitation to the father.* The father now appeals.

In rendering this initial custody determination, "Family Court was required to consider the best interests of the children by reviewing such factors as maintaining stability for the children, the children's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the children's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Matter of Smith v Smith*, 61 AD3d 1275, 1276 [2009] [internal quotation marks, citations and brackets omitted]; *see Matter of Richardson v Alling*, 69 AD3d 1062, 1063 [2010]; *Matter of Wentland v Rousseau*, 59 AD3d 821, 822 [2009]). Where, as here, one parent intends to relocate a distance away from the other parent, the effect of the move factors into the best interests analysis (*see Malcolm v Jurow-Malcolm*, 63 AD3d 1254, 1255-1256 [2009]; *Matter of Siler v Siler*, 293 AD2d 826, 828 [2002], *appeals dismissed* 98 NY2d 691, 720 [2002]; *Rolls v Rolls*, 243 AD2d 906, 907 [1997]). Recognizing the advantageous position of Family Court to evaluate the testimony and assess the credibility of witnesses, we accord great deference to that court's custodial determination provided that it is supported by a sound and substantial basis in the record (*see Matter of Marchand v Nazzaro*, 68 AD3d 1216, 1217 [2009]; *Matter of Diffin v Towne*, 47 AD3d 988, 990 [2008], *lv denied* 10 NY3d 710 [2008]).

The evidence at the hearing established that the mother has

---

* Family Court further found that a family offense had been committed and issued an order of protection against the father. The father does not challenge that determination on this appeal.

been the primary caretaker for the children and most attentive to their health and educational needs. Furthermore, she has maintained a steady employment history and received a nearly 50% wage increase upon her transfer to one of her employer's stores in New Jersey. Evidence was also presented that the mother consistently put her children's needs ahead of her own and is able to foster a relationship between the father and the children, as demonstrated by her willingness to provide all transportation to and from New York in order to facilitate regular visitation with the father. In contrast, the father lacks stable employment and has a history of mental and physical abuse towards the mother. He regularly made demeaning comments to the mother concerning her weight and facial complexion, threatened to "smack" her and, on one occasion, put her in a choke hold and pushed her to the ground. Family Court also credited the testimony regarding the physical incidents between the parties that precipitated the mother's move.

The children, who have a significant relationship with both sets of grandparents, would have a stable home residing with either parent in the home of their paternal or maternal grandparents, but they would have increased access to their extended families if residing with the mother in New Jersey. Although the mother's move to New Jersey will necessarily affect the father's time with his children, the parties traveled there at least once a month and for all major holidays while living in the Afton area, and the father continues to receive regular and meaningful periods of parenting time under the schedule set by Family Court (see Malcolm v Jurow-Malcolm, 63 AD3d at 1255; Matter of Bodrato v Biggs, 274 AD2d 694, 696 [2000]). In light of all these factors, and giving due deference to Family Court's findings and credibility determinations (see Matter of Kowatch v Johnson, 68 AD3d 1493, 1496 [2009], lv denied 14 NY3d 704 [2010]), we conclude that the custody award is supported by a sound and substantial basis in the record and we decline to disturb it. Finally, although not determinative, we note that this conclusion is in accord with the Law Guardian's position both at the hearing and on this appeal (see Matter of Siler v Wright, 64 AD3d 926, 929 [2009]; Matter of Armstrong v Crout, 33 AD3d 1079, 1082 [2006]).

Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.