■ STEPHEN METZGER, Respondent, v SHELIA METZGER, Appellant. [659 NYS2d 300] —In a matrimonial action in which the parties were divorced by judgment dated November 4, 1993, the defendant mother appeals from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated April 10, 1996, as denied, without a hearing, that branch of her motion which was to modify (1) the custody provisions of a stipulation of settlement dated February 2, 1995, and (2) an order of the Supreme Court, Kings County (Imperato, J.H.O.), also dated February 2, 1995, which, *inter alia,* directed her not to remove the children from "the jurisdiction of this court".

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of custody to be held forthwith and a de novo determination of the mother's motion for a change of custody. Custody shall remain with the father pending the hearing and a new determination as to custody.

This appeal involves the custody of the parties' young children. The Supreme Court denied the mother's motion to modify the custody provision of a postjudgment stipulation of settlement made in open court, which had resolved the issues of custody and visitation of the children. The court determined that the mother failed to present evidence which would require a hearing on her motion. We disagree. The submissions of the parties raised a host of serious and conflicting allegations on the issue of parental fitness. "As a general rule, it is error as a matter of law to make an order respecting custody based on controverted allegations without having had the benefits of a full hearing in order to resolve those factual issues which develop from conflicting affidavits" *(Biagi v Biagi,* 124 AD2d 770, 771; *see also, Obey v Degling,* 37 NY2d 768, 769-770; *Matter of Klang v Klang,* 235 AD2d 476; *Robert C. R. v Victoria R.,* 143 AD2d 262, 263).

Moreover, custody determinations are to be made upon consideration of all relevant circumstances to reach the disposition that promotes the best interests of the child *(see,* Domestic Relations Law § 70 [a]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 95; *Buhrmeister v McFarland,* 235 AD2d 846). There was no determination as to the children's best interests. A hearing, followed by a judical determination as to the best

interests of the children is necessary. Accordingly, the matter is remitted for a custody hearing at which the parties and the Law Guardian can present their evidence. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.