■ In the Matter of CORBET H. D'ENTREMONT, Respondent, v JAYNE M. D'ENTREMONT, Appellant. [678 NYS2d 819] —Peters, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered November 12, 1996, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' minor children.

At an appearance before Family Court on October 28, 1996, a final order awarded physical custody of the parties' three children to petitioner, visitation to respondent and joint legal custody. While respondent's assigned counsel appeared on her behalf, respondent failed to appear. Counsel explained that respondent had surrendered herself to the police the day before on a criminal charge of passing a bad check, which caused her to be incarcerated due to an inability to post bail. Notwithstanding the motion proffered by counsel for an adjournment to allow her presence, Family Court issued a final order of custody without a fact-finding hearing. Respondent appeals.

Initially, we reject petitioner's contention that this appeal must be dismissed on the ground that a party may not appeal from an order entered on a default (*see,* CPLR 5511; *see also, Matter of Ashley X.*, 200 AD2d 911). Respondent's assigned counsel appeared at the Family Court hearing, explained her absence and spoke on her behalf. Under these circumstances, the order was not entered on default (*see, Matter of Cecelia A.*, 199 AD2d 582, 583).

However, Family Court erred when it issued a final order of custody without conducting an evidentiary hearing (*see, Matter of Oliver S. v Chemung County Dept. of Social Servs.*, 162 AD2d 820, 821-822). Although circumstances clearly dictated that respondent was then unable to assume physical custody, evidence regarding the fitness of the parents* (*see, Matter of Goldman v Goldman*, 201 AD2d 860) as well as the best interests of

---

* Notably, the record reflects a request by the Law Guardian for, *inter alia*, an investigation by the Department of Social Services pursuant to Family Court Act § 1034 and a representation by the court that such investiga-

the children should have been received before the issue of their custody was resolved by final order (*see, Matter of Damien X.,* 217 AD2d 762, 763-764). For these reasons, we reverse Family Court's order.

Cardona, P. J., Mikoll, Mercure and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision. Pending further order of the Family Court, the order entered November 12, 1996 shall be deemed a temporary order and remain in force and effect.

---

tion would be conducted. The record, however, fails to reveal whether a report was received.