In the Matter of MILDRED SALES, Respondent, v JEAN-NINE GISENDANER, Appellant. (Appeal No. 2.) [707 NYS2d 562] —Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: In this child custody dispute between a mother and grandmother, Family Court erred in granting the grandmother's petition without a hearing on the ground that the mother had defaulted in appearing in response thereto. A party who is represented at a scheduled court appearance by an attorney has not failed to appear (*see, Matter of Cleveland W.*, 256 AD2d 1151, 1151-1152; *Matter of Robert F.*, 200 AD2d 899; *Matter of Cecelia A.*, 199 AD2d 582; *cf., Matter of Black v Black*, 84 AD2d 922). In any event, the court erred in granting the petition summarily (*see, Obey v Degling*, 37 NY2d 768, 769-770; *Matter of Van Etten v Van Etten*, 207 AD2d 992). A parent's right to be heard on a matter of child custody is fundamental and "not to be disregarded absent a convincing showing of waiver" (*Matter of Kendra M.*, 175 AD2d 657, 658; *see, Matter of Cleveland W., supra,* at 1151). Moreover, transfer of custody from a parent to a nonparent requires a showing of extraordinary circumstances justifying the court's intervention, followed by a showing that an award of custody to the nonparent is in the child's best interests (*see, Matter of Bennett v Jeffreys*, 40 NY2d 543, 545-

549). Those issues may not be determined summarily (*see, Matter of Stefanik v Roberts*, 266 AD2d 758, citing *D'Entremont v D'Entremont*, 254 AD2d 576, 576-577). Consequently, we reverse the order and remit the matter to Erie County Family Court for further proceedings on the petition before a different Judge. (Appeal from Order of Erie County Family Court, Dillon, J.—Custody.) Present—Pigott, Jr., P. J., Pine, Scudder and Kehoe, JJ.