In the Matter of ANITA HUDGINS, Respondent, v ROBERT GOODLEY, Appellant. [753 NYS2d 732] —In a custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Porzio, J.), dated November 17, 2000, which, after a hearing, and upon the granting of the mother's motion for judgment as a matter of law, inter alia, granted custody of the subject child to the mother.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Richmond County, for further proceedings consistent herewith.

"As a general rule, it is error as a matter of law to make an order respecting custody based on controverted allegations without having had the benefit of a full hearing" (*Biagi v Biagi,* 124 AD2d 770, 771; *see Matter of Benedict v Zimmer,* 296 AD2d 459; *Metzger v Metzger,* 240 AD2d 642). Further, custody determinations must be made upon consideration of all relevant factors that promote the best interests of the child (*see* Domestic Relations Law § 70 [a]; *Friederwitzer v Friederwitzer,* 55 NY2d 89; *Metzger v Metzger, supra*).

Here, the Family Court erred in failing to state the facts it deemed essential in its decision to award custody to the mother in contravention of the recommendations contained in reports prepared by the Department of Probation and the Staten Island Family Court Services (*see* CPLR 4213 [b]; *Tri-State Sol-Aire Corp. v United States Fid. & Guar. Co.,* 198 AD2d 494, 495), and in failing to hear testimony or receive evidence from either the mother or Law Guardian (*see Biagi v Biagi, supra; Matter of Benedict v Zimmer, supra; Metzger v Metzger, supra*). Accordingly, the matter is remitted to the Family Court, Richmond County, for a new hearing and determination upon a complete record. Altman, J.P., S. Miller, Adams and Cozier, JJ., concur.