*941 Appeal from an order of Family Court, Jefferson County (Hunt, J.), entered August 9, 2002, which, inter alia, granted the cross petition of petitioner and awarded her sole custody of the parties’ children.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, and the matter is remitted to Family Court, Jefferson County, for further proceedings on the petition and cross petition in accordance with the following memorandum: Respondent father appeals from an order granting petitioner mother’s cross petition seeking modification of the existing custody order. Family Court awarded petitioner sole custody of the parties’ three children and denied respondent any visitation “until further order of [the] court.” We agree with respondent that the court erred in dismissing his petition seeking sole custody of the children and granting the cross petition without conducting an evidentiary hearing. Contrary to the court’s determination, respondent did not default by failing to appear on the scheduled date of the custody hearing. His attorney was present and appeared on his behalf (see Matter of Sales v Gisendaner, 272 AD2d 997 [2000]; Matter of D’Entremont v D’Entremont, 254 AD2d 576 [1998]). In any event, even assuming, arguendo, that respondent had defaulted, we nevertheless would conclude that the court erred in failing to conduct an evidentiary hearing inasmuch as the record establishes that the court did not possess “sufficient information to render an informed determination that was consistent with the child[ren’s] best interests” (Matter of Vangas v Ladas, 259 AD2d 755, 755 [1999]). Although the investigative report prepared by the Jefferson County Department of Social Services (DSS) pursuant to Family Ct Act § 1034 substantiated petitioner’s allegation that respondent previously had been homeless, it did not address the fact that respondent was residing in a five-bedroom house in Watertown. Nor did DSS investigate the living conditions in petitioner’s household. We therefore reverse the order, and we remit the matter to Family Court, Jefferson County, for further proceedings on the petition and cross petition before a different judge (see Sales, 272 AD2d at 998; D’Entremont, 254 AD2d at 576-577; Matter of Davies v Davies, 223 AD2d 884, 886-887 [1996]). In view of our determination, we do not address respondent’s further contentions. Present — Green, J.E, Wisner, Scudder, Gorski and Lawton, JJ.