■ In the Matter of MICHAEL A. CORNELL, Respondent, v MONIKA A. CORNELL, Appellant. (And Another Related Proceeding.) [778 NYS2d 193]—

Spain, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered November 27, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for physical custody of the parties' child.

The parties are the parents of a son who at the time of the commencement of this proceeding in Family Court was 15 years old. Custody was initially determined in November 2000 by stipulation entered in the parties' divorce action in Supreme Court in which they agreed to joint custody, the mother retaining primary physical custody with liberal visitation to the father as mutually agreed. In June 2002, the mother petitioned Family Court to enforce the existing custody order, alleging that the father was in violation by "keeping [the] child from [the mother]" at times which were not mutually agreed upon. Thereafter, the father cross-petitioned for custody of the child, alleging a change in circumstances in that the child had been living with him for "the past few months" and "expressed that he wants to make this permanent."

At their first appearance in Family Court, counsel for each of the parents were given an opportunity to be heard. The mother asserted, among other things, that the father is unfit, he has been keeping the child from her in violation of the existing order, he has threatened the boy if he chooses to return to the mother, he does not exercise proper discipline and he is not a good influence. The father countered that the child's express desire is to live primarily with him and that the child's wish

should be respected. The Law Guardian reported that he had met with the child on two occasions and that the child consistently stated his preference to live with the father.

Suggesting that the child's wishes—at the age of 15—would be dispositive if voluntary, Family Court scheduled the next appearance for testimony from the child. On the adjourned date, the child was examined under oath first by the court, then by the attorneys for the parents and his Law Guardian. At the end of the child's testimony, without giving either parent or the Law Guardian the opportunity to present evidence, the court ordered that the joint custody arrangement continue, but awarded primary physical custody of the child to the father. The court also ordered visitation with the mother, terminated the father's obligation to pay child support, and dismissed the mother's violation petition. The mother, having objected to the hearing, appeals.

An existing custody arrangement will not be altered absent a showing of substantial change in circumstances which reflects that a change in custody will serve the best interests of the child (*see Matter of Crocker v Crocker,* 307 AD2d 402, 402-403 [2003], *lv denied* 100 NY2d 515 [2003]; *Matter of Ciannamea v McCoy,* 306 AD2d 647, 647-648 [2003]). In its determination of best interests, the court "must consider such relevant factors as maintaining stability in the child's life, the wishes of the child, the quality of the home environment, each parent's past performance, relative fitness and ability to guide and provide for the child's intellectual and emotional development, and the effect the award of custody to one parent would have on the child's relationship with the other" (*Matter of Fletcher v Young,* 281 AD2d 765, 767 [2001]; *see Metzger v Metzger,* 240 AD2d 642, 642-643 [1997]). Although the advanced age of the child tends to render greater weight to his or her reasoned wishes, the child's preference is but one factor in the best interests analysis (*see Dintruff v McGreevy,* 34 NY2d 887, 888-889 [1974]). "While a child's view should be considered to ascertain his [or her] attitude and to lead to relevant facts, it should not be determinative. If it were, then all a court would be required to decide is whether his [or her] preference of parent is voluntary and untainted and then follow the child's wish" (*id.* at 888).

Additionally, "[a]s a general rule, it is error as a matter of law to make an order respecting custody based on controverted allegations without having had the benefit of a full hearing" (*Biagi v Biagi,* 124 AD2d 770, 771 [1986]; *see Matter of Benedict v Zimmer,* 296 AD2d 459, 459 [2002]; *Metzger v Metzger, supra* at 642; *Robert C.R. v Victoria R.,* 143 AD2d 262, 264 [1988]). Here,

Family Court improvidently and erroneously awarded physical custody to the father based solely on the child's testimony—which included his expressed desire to live with the father—without conducting a full plenary hearing to permit the mother to present evidence on her allegations so as to fully explore and determine the fundamental issue of the child's best interest (*see Matter of Klang v Klang*, 235 AD2d 476, 477 [1997]; *Matter of Goodwin v Goodwin*, 193 AD2d 1138, 1138-1139 [1993]). The court made absolutely no finding of a substantial change in circumstances nor did it make any best interest analysis, implying—even before this limited hearing—that the child's age and his desire to live with the father would be a sufficient basis to change custody as long as it was voluntary and rational.

Accordingly, we will remit this matter for a full hearing to be held forthwith to resolve the issue of a change in custody and best interest of the child and direct that Family Court make specific findings. Because we are troubled by Family Court's summary approach to this proceeding given its erroneous view that the child's wishes should be dispositive, and the unorthodox and casual manner in which the court conducted itself both in its remarks and in dismissing the mother's concerns as unimportant, the expedited full hearing shall be before another judge. The father will retain physical custody on a temporary basis until a new determination is made.

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision before a different judge, and pending a new determination, custody of the child shall remain temporarily with the father.