■ In the Matter of SHIRLEY KARGOE, Respondent, v DENNIS MITCHELL, Appellant. [785 NYS2d 557]—

Crew III, J.P. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered August 6, 2003, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties are the unmarried, biological parents of a child born in August 2001. It appears that petitioner and respondent resided together with the child until September 2002, at which time respondent entered the first of two rehabilitation programs. In February 2003, following his unsuccessful discharge from those programs, respondent began serving a jail sentence for a parole violation stemming from drug use. Respondent remained incarcerated until July 7, 2003, at which time he was sentenced to time served and released.

In the interim, in March 2003, petitioner commenced this proceeding seeking sole legal and physical custody of the parties' child and supervised visitation to respondent. The stated basis for the requested relief was respondent's alleged ongoing

drug problem, as well as domestic violence issues. Respondent neither answered nor filed a cross petition—presumably due to his then incarceration. Following various adjournments, the parties appeared before Family Court in July 2003, at which time respondent agreed to be drug tested, stated that he was amenable to supervised visitation with the understanding that the parties would work toward unsupervised visitation and proposed that his aunt, Sue Mitchell, oversee such visitations. Family Court scheduled the matter for another appearance the following month, stating that it would not issue an order approving Mitchell as a supervisor until Mitchell appeared in court and expressed her willingness to undertake that task, and directed the parties to ponder an acceptable visitation schedule.

When proceedings resumed on August 6, 2003, neither respondent nor Mitchell were in attendance. According to respondent's counsel, respondent's car had broken down the day before and he was unable to secure transportation for the court appearance. After noting that respondent had failed his drug test, administered only one week after his release from jail, Family Court awarded sole legal custody to petitioner and supervised visitation to respondent. This appeal by respondent ensued.

Preliminarily, we note that inasmuch as respondent's counsel appeared on respondent's behalf at the August 2003 court appearance and explained respondent's absence, Family Court's order was not entered on default and, hence, is appealable (see Matter of Elliott v Major, 1 AD3d 940 [2003]; Matter of Sales v Gisendaner, 272 AD2d 997 [2000]; Matter of D'Entremont v D'Entremont, 254 AD2d 576 [1998]). Turning to the merits, given the particular facts of this case, including respondent's prior agreement to supervised visitation, and based upon our review of the record before us, we cannot say that Family Court erred in granting petitioner sole legal (and, implicitly, physical) custody of the parties' child without the benefit of further proof. We do, however, find the visitation award fashioned by Family Court to be deficient in various respects. Assuming, without deciding, that respondent's alleged history of domestic violence and drug use provides a sufficient basis for an award of supervised visitation only, Family Court's present order vests petitioner with sole discretion to determine if, when, where and how often such visitations are to occur and by whom they are to be supervised.[1]

1. Ironically, although Family Court declined to designate Mitchell as an appropriate person to supervise respondent's visitations with his child absent

Given the parties' acrimonious history,[2] Family Court's decision to bestow such authority upon petitioner not only is ill advised but, more importantly, constitutes a complete abdication of Family Court's responsibility to ensure that respondent has regular and meaningful access to his child or, alternatively, explain why such visitation would be inappropriate. Accordingly, we deem it prudent to remit this matter to Family Court for the fashioning of an appropriate (and more detailed) visitation schedule. Given the length of time that has elapsed, unless the parties are able to reach an agreement in this regard, Family Court is directed to hold a hearing as to the issue of visitation.

Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded respondent supervised visitation at petitioner's discretion; matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

her stated willingness to do so, the court nonetheless went on to issue the subject order without designating anyone to supervise the visitations.

2. The record reflects that petitioner was issued a permanent order of protection against respondent.