■ In the Matter of ANTHONY M. WILLIAMS, Respondent, v NATASHA WILLIAMS, Appellant. (And Another Related Proceeding.) [827 NYS2d 328]—

Carpinello, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered January 31, 2006, which granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' children.

The parties are the married parents of two children (born in 1999 and 2002). In July 2004, respondent (hereinafter the mother) left the marital residence in Otsego County and relocated to the New York City area with the children. Over eight months later, petitioner (hereinafter the father) commenced this proceeding for custody. When the mother failed to appear for the first two appearances on the father's application, Family Court issued a temporary order granting him custody. In the meantime, the mother filed her own proceeding for custody in Bronx County, which was then transferred to Otsego County.

---

2. As of the hearing, they had not seen respondent for almost one year.

A fact-finding hearing was eventually scheduled. Both parties were represented by counsel and a Law Guardian was appointed to represent the children. On the first day of the hearing, the father was the only witness to testify. Indeed, when the proceedings were adjourned for that day, the parties were still in the midst of his cross-examination by the mother's attorney. The Law Guardian had yet to cross-examine him.[1] On the adjourned hearing date, the mother encountered traveling problems and was not present in court at its scheduled start time. Her attorney, however, was present and informed Family Court that a bridge closure delayed the mother's arrival. The mother's attorney further advised the court that this explanation was verified by radio reports and that the mother was expected to arrive within approximately 30 minutes.

Family Court acknowledged that the mother had also contacted the court directly that morning about her traveling problems while en route to Otsego County. Nevertheless, the court advised the parties that it intended to proceed in her absence. The father's attorney stated that the father had no further proof and the mother's attorney advised the court that she did not feel it was appropriate to proceed in her client's absence. The Law Guardian voiced no objection to this procedure or requested an opportunity to, at the very least, cross-examine the father or have the court conduct a *Lincoln* hearing. Rather, the Law Guardian reported that he had no witnesses, that the children seemed to be progressing well in the father's care and the father's home seemed appropriate. The Law Guardian acknowledged that he had never been to the mother's home and that the children missed her terribly, thus warranting visitation.

The case was then closed and Family Court thereafter issued a decision awarding the father sole custody of the children with designated visitation to the mother. The only evidence relied upon by Family Court in rendering its decision was the incomplete testimony of the father. The mother now appeals.

We find that Family Court erred in rendering a custody decision in this case without the benefit of a full hearing.[2] As noted by this Court, "[a]s a general rule, it is error as a matter of law

---

**1.** Thus, contrary to the father's contentions, our review of the record does not confirm that he had in fact "rested" on this first day of the fact-finding hearing. Rather, the proceedings ended that day with Family Court interrupting a question during the father's cross-examination.

**2.** We note that, inasmuch as the mother's attorney appeared on her behalf on the adjourned date and explained her absence, Family Court's subsequent order was not entered on default (*see Matter of Kargoe v Mitchell*, 12 AD3d

to make an order respecting custody based on controverted allegations without having had the benefit of a full hearing" (*Matter of Cornell v Cornell*, 8 AD3d 718, 719 [2004] [internal quotation marks and citation omitted]). Here, Family Court improvidently awarded sole custody to the father based solely on the father's testimony, which itself was incomplete (*compare Matter of Hill v Hillenbrand*, 12 AD3d 980, 981 [2004], *lv denied* 4 NY3d 705 [2005]). Moreover, the total preclusion of proof by the mother was improper because she had a verified and legitimate explanation for being delayed on the adjourned date and, more importantly, because such total preclusion "adversely affect[ed] the child[ren's] right to have issues affecting [their] best interest fully explored" (*Matter of Stukes v Ryan*, 289 AD2d 623, 624 [2001]; *compare Matter of Landrigen v Landrigen*, 173 AD2d 1011 [1991]).

To this end, the evidence in this custody dispute was far from uncontroverted. The mother raised issues of the father's fitness, including his alleged verbal and physical abuse, bad temper and sporadic employment history. In short, in the absence of a complete examination of the father, any evidence from the mother and/or an in camera hearing with the children, Family Court "did not possess sufficient information to render an informed determination that was consistent with the child[ren's] best interests" (*Matter of Elliott v Major*, 1 AD3d 940, 941 [2003] [internal quotation marks and citation omitted]; *see Matter of Stukes v Ryan, supra*). Accordingly, we reverse and remit this matter for a full hearing (*see Matter of D'Entremont v D'Entremont*, 254 AD2d 576 [1998]).

As a final matter, because we are troubled by Family Court's approach to the award of temporary and permanent custody in this matter, the hearing on remittal should be before another judge (*see Matter of Cornell v Cornell, supra* at 720). Equally troubling is the Law Guardian's acquiescence in the procedure and failure to, at the very least, conduct his own cross-examination of the father before rendering a recommendation advocating custody to him. In other words, the Law Guardian's analysis of the case suffered from a similar fate as Family Court's decision, namely, it was rendered without the benefit of a complete record and hence cannot be fairly characterized as "thorough" (*Matter of Ratliff v Glanda*, 263 AD2d 816, 818 [1999]) or "considered" (*Matter of Carballeira v Shumway*, 273 AD2d 753, 756 [2000], *lv denied* 95 NY2d 764 [2000]). Thus, this particular law guardian should not be assigned upon remittal.

978, 979 [2004], *lv dismissed* 4 NY3d 794 [2005]; *cf. Matter of Hill v Hillenbrand*, 12 AD3d 980, 981 [2004], *lv denied* 4 NY3d 705 [2005]).

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision.