■ In the Matter of CRESEAN W., an Infant. BETTY H., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [866 NYS2d 149]—

Order, Family Court, New York County (Sheldon M. Rand, J.H.O.), entered on or about August 30, 2006, insofar as it directed, after a fact-finding hearing, the child's removal from his maternal cousin's care in contemplation of adoption, unanimously affirmed, and appeal from so much of the aforesaid order as continued the child's placement in foster care at Children's Village until February 26, 2007, with provision for visitation with respondent, unanimously dismissed as moot, without costs.

In this contested permanency hearing pursuant to Family Court Act § 1089 (d), the court appropriately heard and weighed the teenaged child's strong and clearly expressed preference for

remaining in the home of his maternal cousin, where he had spent most of his life (*see Matter of Lozada v Lozada*, 270 AD2d 422 [2000]). However, in weighing all the factors involved in analyzing the child's best interests, including his medical and educational needs and the indicated reports of neglect involving his cousin's home, the court made a reasoned determination that the child's best interests would be served by returning him to the facility where he had previously spent four years, with a goal of adoption (*Matter of Cornell v Cornell*, 8 AD3d 718, 719 [2004]; *see Dintruff v McGreevy*, 34 NY2d 887 [1974]). The court retained jurisdiction in order to continue monitoring the child's condition in periodic permanency hearings. The terms of the dispositional order placing the child in institutional foster care until February 26, 2007 have thus been superseded by subsequent order of the court (*see Matter of Qiana C.*, 46 AD3d 479 [2007]). Concur—Lippman, P.J., Andrias, Saxe, Sweeny and DeGrasse, JJ.