# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

504

CAF 12-02316

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF BEVERLY GRIFFIN,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JESSICA GRIFFIN, RESPONDENT-APPELLANT.

---

MINDY L. MARRANCA, BUFFALO, FOR RESPONDENT-APPELLANT.

TERRANCE C. BRENNAN, BUFFALO, FOR PETITIONER-RESPONDENT.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILDREN, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered September 7, 2012 in a proceeding pursuant to Family Court Act article 6. The order granted sole custody of respondent's children to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Erie County, for further proceedings on the petition.

Memorandum: On appeal from an order granting sole custody of the subject children to petitioner, a nonparent, respondent mother contends that Family Court erred in failing to conduct an evidentiary hearing to determine whether extraordinary circumstances exist and, if so, to determine the best interests of the children. We agree, and we therefore reverse the order and remit the matter to Family Court for the requisite evidentiary hearing. It is well settled that, "as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981, quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544). " '[T]he nonparent has the burden of proving that extraordinary circumstances exist, and until such circumstances are shown, the court does not reach the issue of the best interests of the child[ren]' " (*Matter of Ruggieri v Bryan*, 23 AD3d 991, 992). Here, the court "deprived a biological parent of custody of [her] child[ren] without the . . . [requisite evidentiary] hearing" on the issues of extraordinary circumstances and best interests (*Matter of Stiles v Orshal*, 290 AD2d 824, 825). Instead of conducting the hearing on the date it was to

begin, the court asked the parents what witnesses would be called on their behalf.  When the parents responded that they would be testifying but had no other witnesses, the court stated that it found no triable issues of fact and granted the nonparent's petition for custody.  Thus, the court failed to place the burden of proof on the nonparent to prove that extraordinary circumstances exist.  Finally, we note that the home study on which the court relied was potentially out of date when the court granted the petition.

Entered:  May 9, 2014                              Frances E. Cafarell
                                                   Clerk of the Court