*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 19, 2015                    518150
_____

In the Matter of ZACHARIAH D.
    BUSH,
                        Respondent,

        v
                                        MEMORANDUM AND ORDER

LARIE LOPEZ,
                        Appellant.

(And Another Related Proceeding.)
_____


Calendar Date:  January 15, 2015

Before:  Lahtinen, J.P., Garry, Devine and Clark, JJ.

                        _____

        Pamela B. Bleiwas, Ithaca, for appellant.

        Margaret McCarthy, Ithaca, for respondent.

        Francisco Berry, Ithaca, attorney for the child.

                        _____


Clark, J.

        Appeal from an order of the Family Court of Tompkins County
(Sherman, J.), entered December 12, 2013, which, among other
things, granted petitioner's application, in two proceedings
pursuant to Family Ct Act article 6, for custody of the parties'
child.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the married parents of a son (born
in 2011).  In January 2013, after the mother relocated with the
child to North Carolina without warning, the father filed a
petition seeking custody of the child.  The mother cross-

petitioned for custody and Family Court granted her temporary sole custody, with the father entitled to specified visitation. Following a hearing, Family Court granted the father legal custody and primary physical placement of the child and accorded specified visitation to the mother, although the mother was given leave to apply for a modification in custody and/or visitation should she relocate within 50 miles of the father's residence. The mother now appeals.

We affirm. As this is an initial custody determination, Family Court properly noted that the factors set forth in Matter of Tropea v Tropea (87 NY2d 727 [1996]) need not be strictly applied (see Matter of Cowper v Vasquez, 121 AD3d 1341, 1342 [2014], lv denied ___ NY3d ___ [Jan. 13, 2015]; Matter of Lynch v Gillogly, 82 AD3d 1529, 1530 [2011]). "Nevertheless, a parent's decision to reside in a distant locale is a very important factor among the constellation of factors to be considered in arriving at a best interests determination, particularly where there is evidence that it would detrimentally affect the other parent's relationship with the child[]" (Matter of Streid v Streid, 46 AD3d 1155, 1156 [2007] [internal quotation marks and citations omitted]; see Ostrander v McCain, 68 AD3d 1480, 1481 [2009]). Other relevant factors in a best interests analysis include "the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being" (Matter of Adams v Morris, 111 AD3d 1069, 1069-1070 [2013]; see Matter of King v Chester, 123 AD3d 1352, 1353 [2014]).

Applying those factors here, while the mother has been the child's primary caregiver, the father has also provided significant care. In addition, by leaving for North Carolina, the mother deprived the child of the care provided by the paternal grandmother and the support network afforded by the father's extended family.[1] Since the mother's departure, the

---

[1] The parties lived at the paternal grandmother's residence and, while the mother spends a great deal of time critiquing the living conditions there, Family Court found her concerns to be

father has graduated from college, maintained steady employment and moved into an apartment that is appropriate for the child. The mother, in contrast, no longer has any family support in North Carolina, has a dimmer employment history, and relies upon the financial assistance of the maternal grandfather. Finally, the mother's abrupt departure for North Carolina raises concerns about her commitment to encouraging a relationship between the father and the child, and the father testified that she has been less than helpful in that regard. In short, giving due deference to the factual findings of Family Court, we conclude that a sound and substantial basis supports its determination that the best interests of the child lie in awarding the father sole legal and physical custody (see Ostrander v McCain, 68 AD3d at 1481-1483; Matter of Streid v Streid, 46 AD3d at 1157; Matter of Siler v Siler, 293 AD2d 826, 827-828 [2002], appeal dismissed 98 NY2d 720 [2002]).

We are, however, persuaded by the mother's contention that the award of visitation is not similarly supported. Family Court directed that the child be placed with the father for six weeks, and the mother for the next two, until September 2014. At that point, apparently because of the child's contemplated enrollment in a prekindergarten program, Family Court changed the visitation schedule so that the mother would enjoy one weekend a month with the child in New York and two weeks of summer visitation in North Carolina. Given the mother's financial constraints, however, it is far from clear that she can afford to travel to New York to avail herself of the monthly visitation, and both she and the attorney for the child advocate for an alteration in the visitation schedule. In our view, this case presents the situation "where extended but less frequent visits will be more conducive to meaningful visitation," and we remit so that Family Court may fashion a more sustainable visitation schedule (Szemansco v Szemansco, 296 AD2d 686, 687 [2002]; see Matter of Tropea v Tropea, 87 NY2d at 738; Matter of Shaw v Miller, 91 AD3d 879, 880-881 [2012], lv denied 19 NY3d 802 [2012]).

---

unsupported by credible evidence. In any case, the father has since moved into his own apartment.

Lahtinen, J.P., Garry and Devine, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as provided for specified visitation for respondent from September 2014 onward; matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision and, pending said proceedings, the visitation terms of said order shall remain in effect on a temporary basis; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court