*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 9, 2015                    519997
_____

In the Matter of CURTIS R.
    VARNER,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

AMANDA N. GLASS,
                    Appellant.
_____

Calendar Date:  April 30, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Rose, JJ.

_____

        Michelle I. Rosien, Philmont, for appellant.

        John Ferrara, Monticello, attorney for the children.

_____

Garry, J.

        Appeal from an order of the Family Court of Sullivan County
(McGuire, J.), entered August 21, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, for custody of the parties' children.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of two children (born in
2012 and 2013).  Shortly after the parties married in 2011, they
began residing with the children's paternal grandmother in
Sullivan County.  In late 2013, the parties agreed to move to
California, planning that the mother would first relocate with
the children and the father would follow a few months later,
after making arrangements for transportation or disposal of their
belongings.  The mother and children relocated to California in
January 2014, residing there with the mother's aunt.  In early

March 2014, the father advised that he intended to rejoin the family in the immediate future; the mother objected and told him to delay his plans. During this period, the conflict between the parties ultimately culminated in a complete breakdown of their relationship and cessation of communication.

The father filed a custody petition in Family Court and the mother then petitioned for custody in California. Family Court conferred with the California court, and it was determined that New York, as the children's home state, would retain jurisdiction of the custody matter (see Domestic Relations Law § 76-e [2]). Shortly thereafter, a custody hearing commenced. The mother was the sole witness to testify and, following her testimony on direct examination, the court granted the father's motion — joined by the attorney for the children — for a directed verdict, granted the father full custody, and made no provision for the mother to have contact with the children. The mother appeals.

We reverse. As the mother and the attorney for the children on appeal argue, Family Court's decision lacks a sound and substantial basis. The court erred in rendering this initial custody determination upon a motion for a directed verdict based upon sorely limited evidence and testimony. An initial custody determination must be based upon the best interests of the children overall, considering all relevant factors, including "the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being" (Matter of Bush v Lopez, 125 AD3d 1150, 1150-1151 [2015] [internal quotation marks and citations omitted]; see generally Eschbach v Eschbach, 56 NY2d 167 [1982]). The record evidence here was patently insufficient to permit such an analysis; instead, it fully illustrates why it is generally held to be error as a matter of law to render a custody award in a controverted proceeding without the benefit of a full hearing (see Matter of Nalty v Kong, 59 AD3d 723, 724 [2009]; Matter of Williams v Williams, 35 AD3d 1098, 1099-1100 [2006]).

All parties involved in the underlying proceeding erred in viewing the issues solely as a matter of application of the

factors established in <u>Matter of Tropea v Tropea</u> (87 NY2d 727 [1996]).  As there had been no prior award of custody, strict application of those factors was not required (<u>see</u> <u>Ostrander v McCain</u>, 68 AD3d 1480, 1481 [2009]; <u>Malcolm v Jurow-Malcolm</u>, 63 AD3d 1254, 1255 [2009]; <u>Furman v Furman</u>, 298 AD2d 627, 628-629 [2002], <u>lv denied and dismissed</u> 99 NY2d 575 [2003]).  Rather, the effect of relocation was among the relevant factors to be considered in determining the children's best interests (<u>see</u> <u>Matter of Saperston v Holdaway</u>, 93 AD3d 1271, 1272 [2012], <u>lvs dismissed</u> 19 NY3d 887 [2012], 20 NY3d 1052 [2013]; <u>Matter of Baker v Spurgeon</u>, 85 AD3d 1494, 1496 [2011], <u>lv dismissed</u> 17 NY3d 897 [2011]).  As the court "'did not possess sufficient information to render an informed determination that was consistent with the child[ren's] best interests,'" we reverse and remit for a full hearing (<u>Matter of Williams v Williams</u>, 35 AD3d at 1100, quoting <u>Matter of Elliott v Major</u>, 1 AD3d 940, 941 [2003]; <u>see</u> <u>Obey v Degling</u>, 37 NY2d 768, 771 [1975]; <u>see also</u> <u>Matter of Cornell v Cornell</u>, 8 AD3d 718, 720 [2004]).

Family Court further erred in failing to make any provision for the mother to have contact or communication with the children.  As the attorney for the children asserts, no basis was demonstrated for fearing that any harm might befall the children in their mother's care.  As a direct result of the court's failure to address the mother's right to access to her children in any manner whatsoever, these young children have now been wholly deprived of their mother's care and company for a lengthy period of their young lives.  It is therefore imperative that a temporary order be made forthwith providing for communication and parenting time with the children for the mother, and establishing guidelines and provisions for shared parenting during the pendency of further proceedings.  Unfortunately, the record before us is so sparse that we lack essential information to address this issue appropriately.

Finally, as we find that the manner in which this hearing was conducted reveals that Family Court treated the mother with apparent disdain, such that we cannot be assured that further proceedings will be conducted in an impartial manner, we further direct that future proceedings between these parties be presided over by a different judge (<u>see</u> <u>Matter of Valenti v Valenti</u>, 57

AD3d 1131, 1136 [2008], lv denied 12 NY3d 703 [2009]).

Lahtinen, J.P., Egan Jr. and Rose, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision before a different judge, and, within 30 days of the date of this order, Family Court is directed to issue a temporary order making provisions for shared parenting time for respondent, and, pending said further proceedings, temporary physical custody of the children shall continue with petitioner.

ENTER:

Robert D. Mayberger
Clerk of the Court