Matter of Richard T. v Victoria U. (2018 NY Slip Op 01364)





Matter of Richard T. v Victoria U.


2018 NY Slip Op 01364


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

524070

[*1]In the Matter of RICHARD T., Respondent,
v
VICTORIA U., Appellant.

Calendar Date: January 19, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Pritzker, JJ.


Brian M. Quinn, Albany, for appellant.
Alexandra J. Buckley, Clifton Park, for respondent.
Alexandra G. Verrigni, Rexford, attorney for the children.
Nicole R. Rodgers, Saratoga Springs, attorney for the children.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a corrected order of the Family Court of Saratoga County (Wait, J.), entered November 18, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the separated parents of five children (born in 2006, 2007, 2011, 2012 and 2014). In May 2016, the parties filed separate petitions for custody of the children and separate family offense petitions. Family Court (Hall, J.) issued a temporary order in June 2016 directing that the children
not be removed from Saratoga County or Albany County and that the parties shall have parenting time as they may mutually agree. In July 2016, the mother filed a supplemental petition for custody and relocation of the children to New Mexico. The father subsequently filed a petition in August 2016 to modify the June 2016 order by seeking physical custody of the three youngest children. The father alleged therein that the mother informed him that she intended to relocate the children to New Mexico. A court conference was held before Family Court (Wait, J.) in September 2016. Although the middle child and the two youngest children were in New Mexico at the time of this conference, the mother represented that they would be flying back with one of the children's grandparents and would "[a]bsolutely" be back in New York within the week before the start of school. In a September 2016 temporary order of custody, Family Court ordered that the father would have primary physical custody of the two oldest children and the [*2]middle child and that the mother would have primary physical custody of the two youngest children.
At an October 20, 2016 court conference, it was revealed that the mother, the middle child and the two youngest children were still in New Mexico [FN1]. Family Court admonished the mother for her failure to comply with that part of the September 2016 order directing that the father have physical custody of the middle child. The court also rescinded any further appearance by the mother via electronic means, directed her to return the middle child and two youngest children to New York and awarded temporary legal and physical custody of all of the children to the father. These directives were embodied in a temporary order of custody entered October 24, 2016.
At the October 24, 2016 court conference, the mother did not personally appear based upon a letter from her physician stating that she could not travel. It was also undisputed that the middle child and two youngest children were not returned to New York. In three separate orders, all entered October 25, 2016, Family Court dismissed both family offense petitions and the mother's petition for custody. In a November 2016 corrected order, Family Court granted the father's petition and awarded him legal and physical custody of the children, directed that the mother return the middle child and two youngest children to New York and ordered that the mother would have supervised parenting time with the children with a supervisor of the father's approval and at times and locations as agreed to by the father in Saratoga County. The mother appeals.
As an initial matter, we reject the contention of the father and the attorney for the three youngest children that the mother's appeal must be dismissed because she was in default by not personally appearing before Family Court on the October 24, 2016 court conference date. Prior to this conference, the mother faxed a letter from her physician stating that she could not travel. The mother was represented by her counsel at the conference and she participated therein by telephone. Furthermore, the November 2016 corrected order noted that the mother "appeared electronically as permitted by the [c]ourt." In view of the foregoing, we do not find that the mother was in default (see Matter of Rosalyn YY. v Ostego County Dept. of Social Servs., 101 AD3d 1401, 1403 [2012]).[FN2]
The mother contends that Family Court erred in dismissing her family offense petition and her custody petition without first conducting an evidentiary hearing. The notice of appeal in the record, however, specifies only the November 2016 corrected order granting the father's petition. In the absence of a notice of appeal specifically referencing the October 25, 2016 orders dismissing the mother's family offense petition and custody petition, we are without jurisdiction to review them (see Matter of Houck v Garraway, 293 AD2d 782, 783 n 2 [2002]).[FN3]
We do, however, agree with the mother that Family Court erred in granting the father's custody petition without conducting an evidentiary hearing. "[C]ustody determinations should generally be made only after a full and plenary hearing and inquiry" (S.L. v J.R., 27 NY3d 558, 563 [2016] [internal quotation marks, brackets and citation omitted]; see Matter of Cornell v Cornell, 8 AD3d 718, 719 [2004]). A court's final custody determination must be based on admissible evidence and not on, as relevant here, "information provided at court appearances by persons not under oath" (Matter of Buck v Buck, 154 AD3d 1134, 1135 [2017].
The record reveals that Family Court's ultimate custody and visitation determination was made only after a few preliminary court appearances in which no witness gave sworn testimony or documentary evidence was received, and there is no indication that Family Court considered the various factors relative to the best interests of the children. While Family Court was justifiably irked at the mother's actions in frustrating the purpose of the court's prior orders, such actions, although certainly relevant, are not solely dispositive in this case on the issues of custody and visitation (see Matter of Hess v Hess, 243 AD2d 763, 765 [1997]). Because Family Court "did not possess sufficient information to render an informed determination that was consistent with the children's best interests" (Matter of Varner v Glass, 130 AD3d 1215, 1216 [2015] [internal quotation marks, brackets and citations omitted]; see Matter of D'Entremont v D'Entremont, 254 AD2d 576, 576-577 [1998]), the matter must be remitted for a full evidentiary hearing on the father's custody petition. Pending the completion of such proceedings, the terms of the November 2016 corrected order shall remain in effect as a temporary order except that part directing that the mother's parenting time with the children shall be supervised by a supervisor "approved by the [father]" is modified to state "approved by the parties" and that part directing that such parenting time be at times and locations "as agreed by the [father]" be modified to state "as agreed by the parties."
Garry, P.J., McCarthy, Mulvey, and Pritzker, JJ., concur.
ORDERED that the corrected order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, the terms of the corrected order shall remain in effect on a temporary basis as specifically provided herein.



Footnotes

Footnote 1: The mother's counsel appeared personally before Family Court, while the mother appeared via telephone. 

Footnote 2: We do not agree with the assertion by the attorney for the three youngest children that the mother was in default based upon her alleged noncompliance with Family Court's September 2016 or October 24, 2016 temporary orders.

Footnote 3: We also note that the mother's CPLR 5531 statement states that the appeal is from the November 2016 corrected order.