Matter of Hilton v Hilton (2019 NY Slip Op 04572)





Matter of Hilton v Hilton


2019 NY Slip Op 04572


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


554 CAF 17-01418

[*1]IN THE MATTER OF JAMES HILTON AND ETHEL HILTON, PETITIONERS-RESPONDENTS,
v
KYLE HILTON, RESPONDENT-RESPONDENT, AND COURTNEY CIRELLO, RESPONDENT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR RESPONDENT-APPELLANT.
DAVIS LAW OFFICE PLLC, OSWEGO (STEPHANIE N. DAVIS OF COUNSEL), FOR RESPONDENT-RESPONDENT.
JOHN W. SPRING, JR., PHOENIX, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oswego County (Thomas Benedetto, R.), entered July 27, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioners shared legal custody of the subject child with respondent Courtney Cirello and granted petitioners physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Oswego County, for a hearing on the petition filed July 13, 2016.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, among other things, granted the petition of the nonparent petitioners by awarding shared legal custody of the subject child to petitioners and the mother and granting physical custody of the child to petitioners. Petitioners are the parents of the child's putative father. They sought custody of the subject child, alleging that the mother no longer resided in New York and had left the child with them for nearly a year without significant contact. The mother returned to New York and was incarcerated here shortly after the petition was filed. Thereafter, Family Court issued a temporary custody order on the mother's consent, granting temporary physical custody of the child to petitioners. After the mother's release from prison, the order was amended to grant the mother supervised visitation with the child. At a subsequent court appearance scheduled to address the status of that visitation as well as a pending paternity petition, which the mother failed to attend, the court found the mother in default and granted the custody petition over the objection of the mother's counsel.
Initially, we agree with the mother that the court erred in entering a final custody order upon the mother's "default" based on her failure to attend the scheduled appearance to review visitation and the pending paternity proceeding. Where, as here, "a party fails to appear [in court on a scheduled date] but is represented by counsel, the order is not one entered upon the default of the aggrieved party and appeal is not precluded" (Matter of Pollard v Pollard, 63 AD3d 1628, 1628 [4th Dept 2009] [internal quotation marks omitted]; see Matter of David A.A. v Maryann A., 41 AD3d 1300, 1300 [4th Dept 2007]; Matter of Sales v Gisendaner, 272 AD2d 997, 997 [4th Dept 2000]). We further agree with the mother that the court erred in granting the petition without holding a hearing to determine whether petitioners have established the existence of extraordinary circumstances and, if so, to evaluate the child's best interests. "A parent's right to be heard on a matter of child custody is fundamental and not to be disregarded absent a convincing showing of waiver' " (Sales, 272 AD2d at 997; see generally Matter of Kendra M., 175 AD2d 657, 658 [4th Dept 1991]). Moreover, "[i]t is well established that, as between a [*2]parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (Matter of Katherine D. v Lawrence D., 32 AD3d 1350, 1351 [4th Dept 2006], lv denied 7 NY3d 717 [2006] [internal quotation marks omitted]) and further establishes that an award of custody to the nonparent is in the best interests of the child (see Matter of Griffin v Griffin, 117 AD3d 1570, 1570-1571 [4th Dept 2014]). "The burden of proving extraordinary circumstances rests on the nonparent, and the mere existence of a prior consent order of custody in favor of the nonparent is not sufficient to demonstrate extraordinary circumstances" (Matter of Mercado v Mercado, 64 AD3d 951, 952 [3d Dept 2009]). Inasmuch as the court erred in depriving the mother of custody without conducting the requisite evidentiary hearing (see Griffin, 117 AD3d at 1571), we reverse and remit the matter to Family Court for a hearing on the custody petition. We note that, pending determination of the petition, the order entered October 25, 2016, granting temporary custody of the child to petitioners, as amended by the order entered May 18, 2017, remains in effect.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court