Matter of Alexander K. v Jaheria L. (2024 NY Slip Op 04352)

Matter of Alexander K. v Jaheria L.

2024 NY Slip Op 04352

Decided on August 29, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 29, 2024

CV-23-1267
[*1]In the Matter of Alexander K., Respondent,
v
Jaheria L., Appellant. (And Another Related Proceeding.)

Calendar Date:August 15, 2024

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Lisa K. Miller, McGraw, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
Donna C. Chin, Niverville, attorney for the child.

Garry, P.J.
Appeal from an order of the Family Court of Chemung County (Daniel J. Fitzsimmons, Referee), entered June 12, 2023, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2022). The parties' relationship ended before the child was born, and each parent also has an older child from a previous relationship. In December 2022, the father, aware for some time of the mother's impending move to Florida, filed a pro se petition for custody and parenting time. In response, the mother filed her own initial custody petition, seeking sole custody of the child and permission to relocate with the child to Florida — where almost all of her family resided and where she had secured more lucrative employment and a higher education opportunity. Following a brief fact-finding hearing on both petitions, Family Court issued a bench decision finding that the mother failed to carry her burden on her "relocation petition." The court subsequently issued an order awarding the parties joint legal custody of the child, with primary physical custody to the mother and three days of parenting time per week to the father. The mother appeals.
We agree with the mother and the attorney for the child that, given that this case involves an initial custody determination, Family Court erred in its strict application of the factors and burden set forth in Matter of Tropea v Tropea (87 NY2d 727 [1996]) (see Matter of Aden HH. v Charish GG., 226 AD3d 1109, 1110 [3d Dept 2024]; Matter of Shane FF. v Alicia GG., 199 AD3d 1264, 1265 [3d Dept 2021]; Matter of Bush v Lopez, 125 AD3d 1150, 1150-1151 [3d Dept 2015]). Although "a parent's decision to reside in a distant locale is a very important factor among the constellation of factors to be considered in arriving at a best interests determination" (Matter of Streid v Streid, 46 AD3d 1155, 1156 [3d Dept 2007] [internal quotation marks, brackets and citation omitted]; see Matter of Shane FF. v Alicia GG., 199 AD3d at 1265; Matter of Eldad LL. v Dannai MM., 155 AD3d 1336, 1339 [3d Dept 2017]), other pertinent circumstances must be considered (see Matter of Aden HH. v Charish GG., 226 AD3d at 1110; Matter of Shane FF. v Alicia GG., 199 AD3d at 1265; Matter of Lynch v Gillogly, 82 AD3d 1529, 1530 [3d Dept 2011]), primary among them being the quality of the home environment with each parent and each parent's ability to guide and provide for the child's overall well-being (see Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]).
We are further persuaded that, in light of this error and the very brief fact-finding hearing that occurred, Family Court "did not possess sufficient information to render an informed determination that was consistent with the child['s] best interests" (Matter of Varner v Glass, 130 AD3d 1215, 1216 [3d Dept 2015][*2][internal quotation marks and citations omitted]). Moreover, this Court has been advised of new circumstances — including limitations placed on the father's access to his older child, the parties' living arrangements and the mother's schooling — that further indicate that the record before us is not adequate to determine the child's best interests (see Matter of Michael B., 80 NY2d 299, 317-318 [1992]). Remittal to Family Court is therefore required, and an expedited hearing must be held to determine whether the father's unsupervised access to the child remains appropriate. In light of our disposition, we need not address the mother's remaining claims.
Egan Jr., Clark, Fisher and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision, with such proceedings to be commenced within 20 days of the date of this Court's decision.